STATE EX REL. Christian SAHAGIAN,
Petitioner-Appellant,

v.

Warren YOUNG and James Murphy,
Respondents.†

Court of Appeals

*No. 86–2216. Submitted on briefs August 27, 1987.—Decided
September 17, 1987.*

(Also reported in 415 N.W.2d 568.)

† Petition to review denied.

For the petitioner-appellant the cause was submitted on the briefs of *Christian Sahagian,* pro se, of Waupun.

For the respondents the cause was submitted on the brief of *Frank D. Remington* and *Lee, Johnson, Kilkelly & Nichol, S.C.,* of Madison.

Before Gartzke, P.J., Dykman, and Sundby, JJ.

SUNDBY, J. Christian Sahagian, *pro se,* appeals an order sustaining the respondent Superintendent Young's affirmance of the Waupun Correctional Institution (WCI) Adjustment Committee's finding of guilt and imposition of discipline and an order denying his motion for reconsideration. James Murphy is the superintendent of the Columbia Correctional Institution (CCI) where Sahagian is currently confined. Sahagian claims that the registrar at Columbia, as respondent Murphy's agent, was required to provide him with a certified copy of the return to the writ of certiorari; that he had a right to present his case; and the return to the writ contained matters which were not part of the record. Because Sahagian was denied his due process right to be heard before the trial court,

we reverse and remand for further proceedings consistent with this opinion.

## I.

## BACKGROUND OF THE CASE

On May 2, 1986 Sahagian, while an inmate in Waupun, received an Adult Conduct Report for disrespect and disruptive conduct alleged to have occurred on April 29, 1986. On May 13, 1986, the charges against him were heard in a major-conduct full due process hearing before the WCI Adjustment Committee pursuant to Wis. Adm. Code, sec. HSS 303.78. He was found guilty of both offenses and discipline was imposed. On Sahagian's appeal, the Adjustment Committee's finding of guilt and disposition was affirmed by Young.

On October 3, 1986, after his transfer to Columbia, Sahagian filed with the circuit court a petition for writ of certiorari to bring up for review the record of the disciplinary proceedings which had been transferred to Columbia. On October 17, 1986 the registrar filed a return to the writ with the circuit court. The return included Sahagian's prison identification card which contained his picture, his vital statistics, the crime for which he was imprisoned and his term, and also included his record of offenses and discipline during his imprisonment. Sahagian did not receive a copy of the return.

In its memorandum decision and order of October 23, 1986, the trial court found that the due process hearing requirements of Wis. Adm. Code, HSS 303.76 through 303.84 were met and affirmed the institution's decision, finding it was supported by substantial evidence. In an order filed November 24, 1986, the trial court denied Sahagian's motion for reconsider-

ation of its prior order. Sahagian's motion also requested a certified copy of the record and permission to file appropriate motions and state his reasons why the superintendent's decision should be reversed. The order advised Sahagian that a copy of the return could be obtained by making a request therefor to the registrar of the CCI.

## II.
### SAHAGIAN'S RIGHT TO A COPY OF THE RETURN

Sahagian argues that this is a civil action commenced under ch. 801, Stats., and that the rules of civil procedure, specifically secs. 801.14(1) and 801.14(4), required that the custodian of the records of the disciplinary proceedings, as the agent of respondent Murphy, provide him with a certified copy of the return made to the circuit court and to certify to the court that he was served with a copy of the return.

We agree that certiorari is an "action" as defined in sec. 801.01(1), Stats. Certiorari is a civil action. *Irby v. Young,* 139 Wis. 2d 279, 281, 407 N.W.2d 314, 315 (Ct. App. 1987) Section 801.02(5) provides:

> An action seeking a remedy available by certiorari ... may be commenced under sub. (1), by service of an appropriate original writ on the defendant named in the writ if a copy of the writ is filed forthwith, or by filing a complaint demanding and specifying the remedy, if service of an authenticated copy of the complaint and of an order signed by the judge of the court in which the complaint is filed is made upon the defendant under this chapter within the time period specified in the order. ...

However, we do not agree that secs. 801.14(1) and (4), Stats., required that the respondents serve a copy of the return upon the petitioner. The return to the writ is not a pleading. Certiorari is an extraordinary remedy subject to ch. 781, Stats.

Section 781.03, Stats., provides:

> In an action or proceeding seeking an extraordinary remedy for which a record must be reviewed, the defendant shall cause the record to be transmitted to the clerk of court in which the action or proceeding is pending and shall give notice of the pendency of the action to the person in possession of the record. The person in possession of the record shall transmit the record to the clerk upon receipt of the notice.

The Judicial Council Note, sec. 12, ch. 289, Laws of 1981 to this section states:

> This rule will be used most often in a certiorari action in which a proceeding in an inferior tribunal or body is reviewed on the record. It puts the ultimate responsibility for transmitting the record on the person in possession of the record.

There is no requirement in the statutes that the person in possession of the record transmit a copy of the return to the petitioner. Sahagian's ability to have the determinations of Young and the Adjustment Committee reviewed has not been prejudiced by the respondents' failure to provide him with copies of the documents returned in response to the writ of certiorari. He is in possession of or has obtained copies of the documents returned by the registrar in response to the writ of certiorari.

499

## III.

## SAHAGIAN'S OPPORTUNITY TO BE HEARD

Sahagian argues that he should have been allowed an opportunity to present his case. We agree and so, apparently, do the respondents for they have failed to address Sahagian's argument. "Respondents on appeal cannot complain if propositions of appellants are taken as confessed which they do not undertake to refute." *Charolais Breeding Ranches v. FPC Securities,* 90 Wis. 2d 97, 109, 279 N.W.2d 493, 499 (Ct. App. 1979), quoting *State ex rel. Blank v. Gramling,* 219 Wis. 196, 199, 262 N.W. 614, 615 (1935).

We choose, however, to address the merits of Sahagian's argument because the error of the trial court is one which could easily be repeated when an inmate seeks review by certiorari of the decision of a disciplinary or program review committee. "[W]hen the rights or interests of a person are sought to be affected by judicial or quasi-judicial decree, due process requires that the individual be given notice reasonably calculated to inform the person of the pending proceeding and to afford him or her an opportunity to object and defend his or her rights." *In Matter of Estate of Fessler,* 100 Wis. 2d 437, 447, 302 N.W.2d 414, 419 (1981). "'The fundamental requisite of due process of law is the opportunity to be heard.' The hearing must be 'at a meaningful time and in a meaningful manner.'" *Goldberg v. Kelly,* 397 U.S. 254, 267 (1970) (citations omitted).

Confusion may have arisen in this case because Sahagian's petition for the writ of certiorari set forth comprehensively what he viewed to be the facts and his position with respect to those facts and the action

taken by the disciplinary committee and Young. However, since a writ of certiorari is not a writ of right but rather is one which is discretionary with the court, *State ex rel. Damerow v. Behrens,* 11 Wis. 2d 426, 429, 105 N.W.2d 866, 868 (1960), a petitioner must make it appear to the court that (1) there has been some error committed, (2) the error has caused substantial harm, and (3) the petitioner has not been guilty of laches in seeking a remedy. The petition for the writ is not, however, the full development of the petitioner's position. If an inmate petitioner is limited to his or her petition for certiorari, the inmate has not been given an opportunity to be heard at a meaningful time in a meaningful manner. Because Sahagian was denied the right to be heard at a meaningful time in a meaningful manner we reverse and remand the case to the trial court to afford him that opportunity. The trial court need not accord Sahagian oral argument in order to satisfy his due process right to be heard in a meaningful manner.

## IV.

## DEFECTIVE RETURN TO THE WRIT

Sahagian argues that the following were not part of the record of the proceedings before the Adjustment Committee and were submitted to the trial court to prejudice the court against him: The card used by security to identify an inmate and the record of his past prison offenses and disposition thereof. The respondents do not respond to Sahagian's propositions and we take them as confessed. *Charolais Breeding Ranches,* 90 Wis. 2d at 109, 279 N.W.2d at 499. Therefore, we direct the trial court to strike these documents from the return.

*By the Court.*—Orders reversed and cause remanded to the trial court for further proceedings consistent with this opinion.