Dean A. JENSEN, Plaintiff-Appellant,

v.

CHRISTENSEN & LEE INSURANCE, INC., Ejner J. Lie, Christian A. Lie and Joseph G. Lipari, Defendants-Respondents.

Court of Appeals

*No. 90-0105. Oral argument July 17, 1990.—Decided August 22, 1990.*

(Also reported in 460 N.W.2d 441.)

On behalf of the plaintiff-appellant, there were briefs and oral argument by *William F. Kolbe* and *Nicholas Bykowsky* of *DeMark, Kolbe & Brodek, S.C.*, of Racine.

On behalf of the defendants-respondents, there was a brief and oral argument by *Charles H. Constantine* of *Constantine, Christensen, Krohn & Kerscher, S.C.*, of Racine.

Before Nettesheim, P.J., Brown and Scott, JJ.

BROWN, J.   This is an appeal by Dean A. Jensen, a minority stockholder and former employee of a close corporation known as Christensen & Lee Insurance, Inc. He claims that the directors of the corporation violated the public policy of this state by terminating his employment, thus triggering a stock buyout at a low purchase price which redounded to the financial benefit of the directors. He made a claim for relief which he now argues is based upon secs. 180.307 and 180.355, Stats. He asserts that these statutes prohibit such a "squeeze out" because it is a willful failure to deal fairly with a stockholder. He made a further claim that when such a "squeeze out" is brought about by the termination of

employment, there is a basis for a wrongful discharge cause of action.

This case was dismissed at the complaint stage by the trial court for failure to state a claim for which relief can be granted. We agree with the trial court that the complaint failed to state the elements necessary for a wrongful discharge claim. However, the complaint sufficiently states a claim by a shareholder against the directors for willfully failing to deal fairly with shareholders in a matter in which the directors had a material conflict of interest. We affirm in part, reverse in part and remand.

Jensen sued Christensen & Lee Insurance, Inc. He also sued its directors and majority shareholders: Ejner J. Lie, Christian A. Lie and Joseph G. Lipari.

Jensen was an employee of Christensen & Lee Insurance for twenty years. It was alleged and not denied that Jensen was the top salesman in the company. At the time of his termination, Jensen also had a substantial minority stockholder interest and was a director of the company. In December 1988, the defendants voted to terminate Jensen's employment with the company. In January 1989, the defendants removed Jensen as a director. The termination of Jensen as employee and director triggered the purchase of Jensen's stock under a stock retirement agreement and a deferred compensation agreement (collectively "the agreements").

Jensen alleges that the terminations were made so that the company could pay him a lower amount for his stock than it would have to pay if he continued his employment until he reached normal retirement age in 1991. Jensen further alleges that by the terms of the agreements, the stock purchase was to be triggered only when Jensen voluntarily elected a retirement date or when he reached the mandatory retirement age of sixty-

five. Following his termination, Jensen elected a retirement date of 1991. Thus, he claims that his stock should be purchased at the 1991 price. Jensen also alleges that because he was wrongfully discharged, he is owed compensation for lost salary benefits from December 1988 to his elected retirement date in 1991.

Jensen relies on two legal arguments. He first argues that the directors breached their fiduciary duty to him as a minority shareholder by this "squeeze out" action that redounded to their financial benefit. Thus, they violated secs. 180.307 and 180.355, Stats. Second, he argues that he has a wrongful discharge cause of action because the defendants brought about the unlawful "squeeze out" by terminating his employment.

The defendants argue that the agreements provide that the company's purchase of an employee's stock can be triggered by discharge as well as by voluntary retirement. They further argue that Jensen was discharged before he elected retirement, that the present stock purchase price thus meets the terms of the agreements, that there cannot be a wrongful discharge action because Jensen was an employee-at-will, and that Jensen has failed to state a claim on which relief can be granted.

On appeal, we are limited by the facts in the complaint when determining whether a claim for relief is stated. *Kranzush v. Badger State Mut. Casualty Co.*, 103 Wis. 2d 56, 57, 307 N.W.2d 256, 257 (1981). Whether these alleged facts are sufficient to state a claim for relief is a question of law and is reviewed independently on appeal. *First Nat'l Bank of Wisconsin Rapids v. Dickinson*, 103 Wis. 2d 428, 433, 308 N.W.2d 910, 912 (Ct. App. 1981).

We initially discuss Jensen's allegation that the defendants breached their duty to a minority shareholder. Section 180.307, Stats., provides that a director of a corporation is liable for a breach of duty to a shareholder in two instances relevant to this case. First is where there is willful failure to deal fairly with the stockholder in a matter in which the director has a material conflict of interest. Sec. 180.307(1)(a). The second is where the director derives an improper personal profit in the transaction involving the stockholder. Sec. 180.307(1)(c). Additionally, sec. 180.355, Stats., provides that there must be full disclosure when directors of a corporation vote on a matter in which they have a financial conflict of interest and that the votes of the interested directors cannot be counted in approving the transaction.

Jensen argues in effect that the other directors received financial gain by terminating his employment prior to either his voluntary or mandatory retirement because the corporation would have to pay a higher price for his stock at the time of his retirement than it had to pay at the time of his termination. Thus, the directors breached their fiduciary duty to Jensen in violation of secs. 180.307 and 180.355, Stats.

Jensen has the necessary elements of his argument in the facts he alleges in his complaint. His legal theory is not fully pleaded as Jensen cited sec. 180.355, Stats., but not sec. 180.307, Stats. However, the theory of a plaintiff's case is not controlling, since the plaintiff is bound by the facts alleged, not by the theory of recovery. *Shelstad v. Cook,* 77 Wis. 2d 547, 553, 253 N.W.2d 517, 519 (1977). The complaint is not required to state all ultimate facts constituting each cause of action and

should be dismissed as legally insufficient only if it is quite clear that under no conditions can plaintiff recover. *Ollerman v. O'Rourke Co.,* 94 Wis. 2d 17, 24, 288 N.W.2d 95, 98–99 (1980).

■

Jensen's complaint makes the following allegations. The defendants were directors and Jensen was a stockholder of the corporation. The directors voted to terminate Jensen's employment and to remove him as a stockholder. The action of the directors violated the agreements which were based on Jensen continuing to work until age sixty-five. The corporation understated the purchase price of Jensen's stock because the accountant had a financial conflict of interest. The directors' breach of fiduciary duty caused a decrease in the payments Jensen should have received under the terms of the agreements. The directors had a conflict of interest and they used their positions to benefit financially.

We hold that there are sufficient allegations to plead a claim that the defendants breached their fiduciary duty to Jensen as a minority shareholder of the close corporation. The defendants' argument that the agreements provide for discharge as a legitimate triggering mechanism for the company's purchase of stock may be a proper issue in later proceedings. However, it is not controlling to whether this complaint states a valid claim for relief under the statute. We reverse on this issue.

Jensen also alleges a wrongful discharge cause of action against the defendants. Jensen argues that the financially interested directors triggered his unlawful "squeeze out" as a shareholder by discharging him as an employee. When the directors terminated Jensen, they effectuated the immediate stock purchase which was in their financial interest. Thus, the directors' discharge of

764

Jensen was in violation of a clearly defined public policy in the Wisconsin statutes.

The defendants counter that the law of this state limits wrongful discharge actions to those cases where an employer requests an employee to violate public policy, the employee refuses, and the employee is then discharged. *Bushko v. Miller Brewing Co.*, 134 Wis. 2d 136, 145, 396 N.W.2d 167, 171 (1986). Because Jensen's complaint did not state that the employer discharged him for refusing a request to violate public policy, his complaint failed to state a claim of wrongful discharge for which relief can be granted.

Although the argument was not well articulated in his briefs, Jensen responded at oral argument that the defendants read *Bushko* too narrowly. He asserted that a wrongful discharge cause of action is permitted where an employer violated a statutorily defined public policy, even if there is no allegation that the employer requested the employee to violate public policy.

Jensen cites *Brockmeyer v. Dun & Bradstreet,* 113 Wis. 2d 561, 573, 335 N.W.2d 834, 840 (1983), which says that "an employee has a cause of action for wrongful discharge when the discharge is contrary to a . . . well-defined public policy as evidenced by existing law." Jensen apparently argues that this holding of the supreme court could apply to cases where an employer violated public policy in the act of discharge without ever requesting the employee to violate public policy. However, the court did not consider such a possibility because the allegations in Brockmeyer's case were that the employer had discharged him for refusing the employer's request to commit an act in violation of public policy.

Jensen then observes that in *Wandry v. Bull's Eye Credit Union,* 129 Wis. 2d 37, 42–43, 384 N.W.2d 325,

327–28 (1986), the supreme court stated that *Brockmeyer* gave four guidelines for determining when a discharge contravenes public policy. Guideline two states that the discharge must clearly contravene the public welfare and gravely violate paramount requirements of public interest. *Id.* Jensen seems to urge that while guidelines one, three and four apply only when an employee's actions are at issue in the discharge, guideline two applies to a discharge where an employer acting alone violates public policy, as well as to a discharge where the employee has been asked to violate public policy by the employer. Again, as in *Brockmeyer,* the *Wandry* court did not discuss the case of the employer acting alone because the employer had requested Wandry to violate the public policy that was embodied in a clear statute. Jensen concluded that his is the case to establish the law on wrongful discharge when an employer is acting alone.

However meritorious Jensen's reading of *Brockmeyer* and *Wandry* may be, we are constrained to rule that the law is otherwise. In *Bushko,* 134 Wis. 2d at 145, 396 N.W.2d at 171, the supreme court expressly limited a wrongful discharge cause of action to those situations in which an employee is discharged for refusing to comply with an employer's request to violate public policy. We hold that the facts alleged in Jensen's complaint do not come under *Bushko* and therefore fail to state a claim for which relief can be granted.

Alternatively, in his brief and at oral argument Jensen alleged that prior to his discharge the directors tried to persuade him to agree to a lower 1991 buyout price for his stock. When Jensen would not agree, the directors threatened to take an action he would not like. Jensen refused and his discharge came shortly thereafter. Jen-

sen alleges that his refusal to cooperate meets the *Bushko* test for a wrongful discharge.

Jensen is correct that under *Bushko* the facts he alleged in his brief and at oral argument would be sufficient for a complaint alleging a refusal discharge cause of action. The problem is that Jensen did not allege these facts in his complaint. Pleadings are to be liberally construed with a view to achieving substantial justice between the parties. *Dickinson,* 103 Wis. 2d at 432, 308 N.W.2d at 912. However, facts are not to be added in the process of giving pleadings a liberal construction. *Wilson v. Continental Ins. Co.,* 87 Wis. 2d 310, 319, 274 N.W.2d 679, 684 (1979).

We affirm the trial court's dismissal of Jensen's wrongful discharge cause of action for failure to state a claim for which relief can be granted. We reverse the trial court's dismissal of Jensen's cause of action alleging breach of fiduciary duty to a minority shareholder. We remand for trial on the issue of breach of fiduciary duty.

No costs to either party.

*By the Court.*—Judgment affirmed in part; reversed in part and cause remanded.