STATE of Wisconsin EX REL. James D. LUEDTKE, Petitioner,

v.

Daniel BERTRAND, Respondent. [Case No. 97–3238–W]†

STATE of Wisconsin EX REL. Jerry P. DOWDLEY, Jr., Petitioner,

v.

CIRCUIT COURT FOR DANE COUNTY and the Honorable Richard J. Calla way, presiding, Respondents. [Case No. 98–0107–W]††

Court of Appeals

*Nos. 97–3238–W, 98–0107–W. Submitted on petitions February 11, 1998.—Decided June 11, 1998.*

(Also reported in 583 N.W.2d 858.)

†Petition to review granted.
††Petition to review denied.

On behalf of the petitioner, State ex rel. James D. Luedtke, the cause was submitted on the petition of *James D. Luedtke, pro se,* of Green Bay.

On behalf of the petitioner, State ex rel. Jerry R. Dowdley, Jr., the cause was submitted on the petition of *Jerry P. Dowdley, pro se,* of Green Bay.

On behalf of the respondent, Daniel Bertrand, the cause was submitted on the petition of *James E. Doyle,* attorney general, and *Charles D. Hoornstra,* assistant attorney general.

On behalf of the respondent, Circuit Court for Dane County and the Honorable Richard J. Callaway, the cause was submitted on the petition of *James E. Doyle,* attorney general, and *James H. McDermott,* assistant attorney general.

Before Dykman, P.J., Vergeront and Roggensack, JJ.

DYKMAN, P.J. James D. Luedtke and Jerry P. Dowdley, Jr. petition for supervisory writs directing circuit courts to grant their petitions to commence certiorari actions under § 814.29, STATS., without payment of fees.

With regard to Luedtke's certiorari petition, we conclude that the circuit court erred by: (1) applying a discretionary standard to the issue of whether the petition states a claim; and (2) failing to consider possible collateral consequences of prison discipline when it rejected the petition. Regarding Dowdley's certiorari petition, we conclude that the circuit court erred by: (1) applying an inappropriately strict standard in deter-

mining that the petition failed to allege error by the disciplinary committee; and (2) determining that the petition failed to allege actionable harm. Therefore, we grant both petitions.

## LEGAL STANDARD

The circuit court may deny a fee waiver petition if the proposed action states "no claim . . . upon which the court may grant relief." *See* § 814.29(1)(c), STATS. However, if the proposed action states a claim and the individual seeking a fee waiver is indigent, then the court must accept the action for filing without payment of fees. *See State ex rel. Hansen v. Circuit Court*, 181 Wis. 2d 993, 997–98, 513 N.W.2d 139, 141 (Ct. App. 1994).

The fee waiver statute's standard for deciding whether a proposed action states a claim is the same standard that is applied when considering a motion to dismiss in an ordinary civil case for "[f]ailure to state a claim upon which relief can be granted." *See* § 802.06(2)(a)6, STATS. In Wisconsin, a civil pleading need not define issues or state detailed facts; only "fair notice" is required. *Hertlein v. Huchthausen*, 133 Wis. 2d 67, 72, 393 N.W.2d 299, 301 (Ct. App. 1986). Thus, a complaint should be dismissed as legally insufficient "only if it is quite clear that under no condition can a plaintiff recover." *Jensen v. Christensen & Lee Ins., Inc.*, 157 Wis. 2d 758, 763–64, 460 N.W.2d 441, 443 (Ct. App. 1990). This principle applies especially to *pro se* pleadings such as those here, because *pro se* complaints of prisoners must be construed liberally in determining whether stated facts give rise to a cause of action. *See Lewis v. Sullivan*, 188 Wis. 2d 157, 161, 164–65, 524

N.W.2d 630, 631, 632–33 (1994). Further, if the facts pleaded reveal an apparent right to recover under *any* legal theory, they are sufficient as a cause of action. *See Hillcrest Golf & Country Club v. City of Altoona*, 135 Wis. 2d 431, 434–35, 400 N.W.2d 493, 495 (Ct. App. 1986). The facts pleaded must be taken as true, but legal conclusions need not be accepted. *Morgan v. Pennsylvania Gen. Ins. Co.*, 87 Wis. 2d 723, 731, 275 N.W.2d 660, 664 (1979). Whether a claim for relief exists is a question of law that we determine independently. *Paskiet v. Quality State Oil Co.*, 164 Wis. 2d 800, 805, 476 N.W.2d 871, 873 (1991).

## No. 97–3238-W LUEDTKE

### *Background*

Luedtke submitted a petition for certiorari to the circuit court, together with a petition to waive filing fees. *See* § 814.29, STATS. Luedtke sought to challenge a penalty of seven days' loss of recreational privileges that was imposed in a prison disciplinary proceeding. The circuit court denied Luedtke's petition to waive filing fees because it found that his proposed certiorari petition failed to state a claim. Specifically, the court held that granting of the writ is discretionary, that the petition must show, among other things, that the petitioner suffered substantial harm, and that Luedtke's allegation of seven days' loss of recreational privileges did not satisfy the "substantial harm" element set forth for the grant of a petition for a writ under *State ex rel. Sahagian v. Young*, 141 Wis. 2d 495, 501, 415 N.W.2d 568, 571 (Ct. App. 1987).

Luedtke filed a notice of appeal from the order denying his fee waiver petition. Because no action was

commenced, the order could not be appealed as of right. *See State ex rel. Staples v. DHSS*, 130 Wis. 2d 285, 287, 387 N.W.2d 118, 120 (Ct. App. 1986). However, when a notice of appeal is filed under these circumstances, we may construe it as a petition for a writ of mandamus. *Id*. at 287–88, 387 N.W.2d at 120. We did so in this case and ordered a response by the respondent circuit court under RULE 809.51(2), STATS.

In our order, we required the respondent circuit court to advise us "when an inmate suffers substantial harm such that certiorari review of the disciplinary proceedings is warranted—at what point does the penalty imposed by the adjustment committee cross the threshold into 'substantial harm.'" The circuit court replied that as a matter of law, the penalty imposed here did not amount to "substantial harm."

*Discussion*

There is an important distinction between whether a certiorari petition states a claim for relief, and therefore must be permitted to be filed under the fee waiver statute, and whether the petitioner is ultimately entitled to relief on the merits. The petition for a writ is analogous to a complaint. The standard for deciding whether the petition is sufficient to order a return is the same standard used for deciding whether a complaint states a claim. *See, e.g., State ex rel. Hansen v. Circuit Court*, 181 Wis. 2d 993, 997–98, 513 N.W.2d 139, 141 (Ct. App. 1994).

In denying Luedtke's fee waiver petition because he failed to state a claim, the circuit court relied on *State ex rel. Sahagian v. Young*, 141 Wis. 2d 495, 415 N.W.2d 568 (Ct. App. 1987), when it concluded that the granting of a writ of certiorari is discretionary. However, *Sahagian* does not hold that the court should

employ a discretionary standard in determining whether a certiorari petition states a claim. In *Sahagian*, after the certiorari petition was filed, the court ordered the return of the record.[1] After the return was filed, the court denied the petitioner the relief sought on the merits. In reversing that denial, we stated that "a writ of certiorari is not a writ of right but rather is one which is discretionary with the court." *Id.* at 501, 415 N.W.2d at 571. This language, however, pertains only to the circuit court's ultimate decision on certiorari. It does not apply to the initial question of whether the petition states a claim. Rather, the "discretionary" standard in *Sahagian* applies to a later stage in the process, when the court must determine whether to grant the relief sought. Thus, the circuit court erred by relying on this "discretionary" language to deny Luedtke's petition for a fee waiver.

We turn now to whether Luedtke's certiorari petition states a claim. This is a question of law that we review without deference to the circuit court. *Paskiet v. Quality State Oil Co.*, 164 Wis. 2d 800, 805, 476 N.W.2d 871, 873 (1991). The court held that the loss of seven days of recreational privileges did not satisfy the "substantial harm" element of certiorari. *See Sahagian*, 141 Wis. 2d at 501, 415 N.W.2d at 571. In order to state a claim, the certiorari petition must make sufficient factual allegations in relation to all elements of the relief sought, including the element of substantial harm. However, as discussed above, detailed facts need not be pleaded, and the standard to be applied at this stage is

---

[1] As stated in the opinion, on October 3, 1986, Sahagian filed a petition for writ of certiorari, and on October 17, 1986, a return was filed. *State ex rel. Sahagian v. Young*, 141 Wis. 2d 495, 497, 415 N.W.2d 568, 569 (Ct. App. 1987).

liberal—the petition may be dismissed only if it is quite clear that no relief can be had under any legal theory. As *Sahagian* states, "[t]he petition for the writ is not ... the full development of the petitioner's position." *Id.*

When prisoners seek review of disciplinary proceedings, the imposed punishment has usually commenced, and may have been entirely served.[2] However, in addition to the specific penalty imposed, a prison disciplinary decision may have collateral consequences relating to security classification, program assignment, later disciplinary proceedings, and the possible extension of the inmate's mandatory release date.[3] As set forth in the accompanying footnote, the

[2] We are unaware of any provision in WIS. ADM. CODE CH. DOC 303 that delays the imposition of disciplinary punishment pending further proceedings.

[3] Specifically, under § 302.11(2), STATS., and WIS. ADM. CODE § DOC 303.84, an extension of an inmate's mandatory release date results from imposition of any penalty imposed on a major conduct report. Similarly, under § DOC 303.68(4), factors in determining whether a conduct report is to be charged as minor or major are dependent, in part, on the inmate's prior offenses; under §§ DOC 302.14, 302.16 and 302.19, the inmate's security classification is to be determined, in part, from the inmate's conduct and adjustment in the general population of the institution; and under § DOC 302.16, program assignment is to be determined, in part, from the inmate's institutional adjustment. Thus, an inmate's prior institutional record may affect, directly or indirectly, conditions of confinement and the inmate's mandatory release date.

As the circuit court noted in its response, a significant harm unquestionably occurs when "constitutional harm" results. Extension of the mandatory release date implicates a constitutional right. *Santiago v. Ware*, 205 Wis. 2d 295, 316–17, 556 N.W.2d 356, 364 (Ct. App. 1996). Therefore, any collateral con-

582

collateral consequences may rise to constitutional dimension. Among the remedies available on certiorari review is expungement of the disciplinary record, which grants relief from these collateral consequences. *See, e.g., Irby v. Macht*, 184 Wis. 2d 831, 847, 522 N.W.2d 9, 15 (1994). Therefore, in deciding whether a certiorari petition states a claim, a circuit court must take into account that there may be collateral consequences in addition to the specific penalty imposed. We therefore conclude that it is not clear that Luedtke is entitled to no relief. In other words, Luedtke's certiorari petition meets the legal standard for stating a claim, and the court erred by denying his petition for a fee waiver.[4] Although it may be that under this standard many certiorari petitions for review of prison disciplinary decisions will make sufficient allegations to qualify for a fee waiver, this is consistent with other civil complaints, most of which meet the standard for stating a claim even though many ultimately do not prevail on the merits.

## No. 98–0107-W DOWDLEY

### *Background*

Dowdley sent a proposed certiorari petition to the circuit court seeking review of a prison disciplinary decision, accompanied by a request for a fee waiver.

---

sequence that potentially affects a certiorari petitioner's mandatory release date must be considered in determining whether the petition can be sustained under "any legal theory." *Hillcrest Golf & Country Club v. City of Altoona*, 135 Wis. 2d 431, 435, 400 N.W.2d 493, 495 (Ct. App. 1986).

[4] We emphasize that the test is essentially a negative one. The certiorari petition fails to state a claim only if it is clear that under no conditions can the petitioner succeed on the merits.

The court denied the fee waiver request. It concluded that Dowdley's proposed certiorari petition "lacks any arguable legal merit" because it "fails to demonstrate that some error has been committed and that the alleged error caused substantial harm." The order did not specifically analyze Dowdley's certiorari petition, but it did cite *State ex rel. Sahagian v. Young*, 141 Wis. 2d 495, 415 N.W.2d 568 (Ct. App. 1987).

Dowdley filed a mandamus petition in this court for a writ directing the circuit court to grant his petition for a fee waiver under § 814.29, STATS. We ordered a response.

## Discussion

We first consider whether Dowdley's certiorari petition makes a sufficient allegation to state a claim in relation to the element of substantial harm. As we discussed above with respect to Luedtke, this is a question of law that we review without deference to the circuit court. Dowdley's certiorari petition alleges that the penalty imposed against him was eight days' adjustment segregation, 360 days' program segregation, and a twenty-day extension of his mandatory release date. As we stated in footnote three, mandatory release date extensions have constitutional implications. Dowdley's petition sufficiently[5] alleges a claim of harm.[6]

---

[5] As discussed above concerning Luedtke, a petition need not allege substantial harm, but need only make sufficient factual allegations in relation to all of the elements of a claim. Detailed facts need not be pleaded.

[6] The respondent argues that it is questionable whether the circuit court actually concluded that Dowdley's petition failed to allege substantial harm, because Dowdley did not expressly allege that he was substantially harmed. However, the circuit court order expressly states that Dowdley failed to show sub-

We turn next to the court's conclusion that Dowdley's certiorari petition failed to demonstrate that some error had been committed. As we stated concerning Luedtke, the standard for deciding whether a proposed petition or complaint states a claim for purposes of granting a fee waiver is the same standard that is applied to motions to dismiss for failure to state a claim. *See* §§ 814.29(1)(c) and 802.06(2)(a)6, STATS. In our order for a response to Dowdley's petition, we suggested that the court may have applied a stricter standard than is appropriate, because it is difficult to see how the court could conclude merely from the face of the petition that no error had been committed.

The respondent argues that the above analysis means the court cannot properly rule on a fee waiver petition in a prison disciplinary case unless it first issues the writ of certiorari to bring the record before it. In other words, the respondent contends that we are requiring the court to grant the fee waiver and obtain the record in order to decide whether to grant the fee waiver.

█

This argument reflects a misunderstanding of the proper standard. The court is not obliged to determine from the face of the petition that an error has been committed before it may grant a fee waiver. Rather, the court must grant the fee waiver unless it can conclude

---

stantial harm. The respondent also argues that the punishment from a prison disciplinary proceeding can be reasonably viewed as not constituting substantial harm if: (1) the circumstances warranted the imposition of punishment in that degree, and (2) it was not otherwise imposed in violation of law. We reject this argument because it assumes a particular answer to the very issue Dowdley is attempting to bring before the court, namely, whether the disciplinary decision was proper.

from the face of the petition that no error has been committed. *See Morgan v. Pennsylvania Gen. Ins. Co.,* 87 Wis. 2d 723, 731, 275 N.W.2d 660, 664 (1979) (a claim should be dismissed as legally insufficient only if it is quite clear that under no conditions can plaintiff recover). By holding as it did, the circuit court essentially shifted the burden to the petitioner to fully detail his claim in his petition. However, the "petition for the writ is not . . . the full development of the petitioner's position." *See Sahagian,* 141 Wis. 2d at 501, 415 N.W.2d at 571.

Turning specifically to Dowdley's petition, the respondent argues that the petition fails to allege that any error may have been committed because it contains only legal conclusions, such as that the hearing committee did not act according to law and that his procedural rights were violated. We need not decide whether a certiorari petition that alleges only legal conclusions on this element is insufficient, because Dowdley's petition does more. It alleges, for example, that he was denied certain witnesses. This is sufficient to state a claim.

## CONCLUSION

In conclusion, we emphasize the following points about petitions for fee waivers under § 814.29, STATS., and certiorari review of prison disciplinary decisions. First, in deciding whether the petitioner's proposed action fails to state a claim, the circuit court reviews the certiorari petition using the same standard that applies to ordinary civil complaints. Second, this standard of review is not "discretionary," but rather, whether a certiorari petition states a claim is a question of law, as with other civil complaints. Third, even

though a certiorari petition may allege an apparently insubstantial harm, such as minimal loss of recreational time, the circuit court must consider that a more complete development of the case may reveal collateral consequences of prison disciplinary decisions. Finally, the certiorari petition need not conclusively establish that an error was committed in order to state a claim.

*By the Court.*—Writs granted.