**COURT OF APPEALS
DECISION
DATED AND FILED**

**May 19, 2020**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.   2018AP152**

**STATE OF WISCONSIN**

Cir. Ct. No. 2010CF269

**IN COURT OF APPEALS
DISTRICT III**

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

V.

CHASE M.A. BORUCH,

   DEFENDANT-APPELLANT.

        APPEAL from an order of the circuit court for Lincoln County: ROBERT R. RUSSELL, Judge. *Affirmed*.

        Before Stark, P.J., Hruz and Seidl, JJ.

        ¶1    SEIDL, J. Chase Boruch, pro se, appeals an order denying his motion to waive the fees associated with the preparation of certain transcripts he requested to facilitate an appeal of an order denying his motion for postconviction

relief under WIS. STAT. § 974.06 (2017-18).[1] He contends the circuit court erred by concluding that his § 974.06 motion lacked arguable merit, and therefore denying his transcript fee waiver request pursuant to our supreme court's decision in *State ex rel. Girouard v. Circuit Court for Jackson Cty.*, 155 Wis. 2d 148, 151, 454 N.W.2d 792 (1990).

¶2      The State concedes that to the extent the circuit court applied an "arguable merit" test to Boruch's transcript fee waiver request, the court erred. The State argues, however, that the court nevertheless properly denied Boruch's request because Boruch's WIS. STAT. § 974.06 motion does not pass the proper test—that is, whether it stated a claim upon which relief could be granted.

¶3      We agree with the State that an amendment to the statute from which the *Girouard* court derived its "arguable merit" test, WIS. STAT. § 814.29(1)(c), has clarified the proper test for determining whether an indigent party is entitled to the waiver of a transcript fee. The proper test now is whether the party's proposed action states a claim upon which relief may be granted. We also agree with the State that, for the reasons explained below, Boruch's WIS. STAT. § 974.06 motion failed to pass this test. We therefore affirm the order denying Boruch's request for a waiver of his transcript fee, albeit on different grounds than those relied upon by the circuit court. *See State v. Smiter*, 2011 WI App 15, ¶9, 331 Wis. 2d 431, 793 N.W.2d 920 (2010) (court of appeals may affirm a circuit court's decision on different grounds).

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

2

## BACKGROUND

¶4      In 2011, a jury convicted Boruch of first-degree intentional homicide for the death of his mother, Sally Pergolski.  In broad terms, the State's theory of the case was that Boruch intentionally killed Pergolski in order to obtain insurance benefits and then staged an accident scene at a local lake in an attempt to cover up his crime.

¶5      Boruch acknowledged at trial that he had staged the accident scene. He testified, however, that he only did so after he found his mother unresponsive in her home, with a piece of meat lodged in her throat.  Because he believed her to already be dead, he explained that he then decided to "try to fake an accident" in order to obtain the insurance benefits.

¶6      After the jury returned its guilty verdict, the circuit court sentenced Boruch to life imprisonment without the possibility of release to extended supervision.  Boruch, with the assistance of counsel, pursued a direct appeal of his conviction.  *See* ***State v. Boruch***, No. 2013AP925, unpublished slip op. ¶13 (WI App Jan. 22, 2014) (***Boruch I***).  In his appeal, he argued the circuit court erred when, in response to a request from the jury during its deliberations to "have a copy of [the] autopsy report," the court provided the State's autopsy and toxicology reports without also providing a report from a defense pathologist.

¶7      We affirmed Boruch's conviction, concluding the circuit court properly exercised its discretion in declining to send to the jury the defense expert's report.  ***Id.***, ¶1.  In addition, we determined that even if the court had erred, its error was harmless.  ***Id.***, ¶16.  We reasoned that "[i]n the face of the overwhelming evidence of guilt, it would be unreasonable in the extreme" to conclude that the jury would have returned a different verdict had the court

provided it with a copy of the defense report. *Id.*, ¶22. Our supreme court denied Boruch's petition for review.

¶8       In 2015, Boruch, pro se, filed a WIS. STAT. § 974.06 motion in which he alleged a multitude of new claims. Namely, he argued his trial counsel had provided him with ineffective assistance by: (1) failing to call an "exculpatory witness" who would have impeached the testimony of Boruch's former girlfriend by showing the girlfriend was "furious" when she discovered Boruch and the "exculpatory witness" were having an affair; (2) failing to request a mistrial when the former girlfriend testified that Boruch had a "particular skill in creating arguments and having a way of making it seem that you couldn't refute the argument even if you knew it was wrong"; (3) using the "sexist" word "nagging" while questioning a witness, which could have "[o]ffended the females on the jury"; (4) failing to introduce evidence to show that Boruch's research into how to be deceptive "had an academic use"; (5) failing to "timely object to a sleeping juror"; (6) failing to challenge the standard jury instruction concerning reasonable doubt; (7) failing to "specifically attack" the police seizure of a letter from one of Boruch's trial attorneys during the execution of a search warrant; (8) failing to "substantiate" Boruch's testimony that he altered his automobile insurance policy to comply with "changes to Wisconsin's car insurance law"; and (9) failing to ask any expert witnesses whether "smoking cigarettes can cause hypoxia."

¶9       In addition, Boruch's WIS. STAT. § 974.06 motion presented nine "claims of trial prejudice/error … separate and distinct from the ineffective assistance of [t]rial [c]ounsel." Specifically, Boruch argued that: (1) the circuit court committed a "reversible error" by refusing to hold an evidentiary hearing on Boruch's sleeping-juror claim prior to sentencing; (2) the alleged sleeping juror

was "subjectively biased against Boruch, because, had the juror been impartial, she would have, of her own initiative, told the Trial Court that she was sleepy"; (3) the court's reading of the reasonable doubt jury instruction presented the jury with a "faulty jury instruction" because the "phrase 'reasonable doubt' is self-defining"; (4) the court's reading of the reasonable doubt jury instruction provided the jury with a finding of fact and therefore "invaded the province of the jury"; (5) the police seizure of the letter referenced above constituted "governmental interference"; (6) the court's response to the jury's request to view the autopsy report was a "faulty jury instruction"; (7) the police seizure of computer printouts (the topic of which generally concerned effective deception techniques) from Boruch's residence was unconstitutional because the printouts "constitute[d] protected speech"; (8) the statement-of-recent-perception hearsay exception set forth in WIS. STAT. § 908.045(2) is unconstitutional or, in the alternative, the court erroneously admitted certain testimony pursuant to that statute; and (9) the court erred by admitting "lake maps" into evidence.

¶10     Boruch alleged in his WIS. STAT. § 974.06 motion that he had a "sufficient reason" for failing to have brought any of the above claims in his direct appeal—namely, the ineffective assistance of his postconviction/appellate counsel. Further, he alleged that the claims in his § 974.06 motion were "clearly stronger" than the claim raised by his appellate counsel on direct appeal.

¶11     The State responded that the record conclusively showed Boruch was not entitled to relief because he "failed to demonstrate a 'sufficient reason' for failing to raise these claims in any post conviction motion or in his direct appeal." The State therefore requested the circuit court deny Boruch's motion without holding an evidentiary hearing.

5

¶12 Boruch replied, again contending that the ineffective assistance of his postconviction/appellate counsel constituted a "sufficient reason" for having failed to bring his new claims on direct appeal.[2] He also asserted two new "sufficient reasons": (1) "governmental interference" due to the State's alleged failure to maintain a video recording that Boruch alleged contained footage of the sleeping juror; and (2) a "discovery violation" by the State for failing to disclose that cigarette smoking could cause "red neurons."

¶13 In a written decision, the circuit court denied Boruch's WIS. STAT. § 974.06 motion without holding an evidentiary hearing. Prior to issuing its written decision, the court held four non-evidentiary hearings related to Boruch's motion: (1) a status conference on January 4, 2016; (2) a status conference on January 11, 2017; (3) oral arguments on February 21, 2017; and (4) an oral decision on April 27, 2017 (collectively, "the Hearings").

¶14 Boruch subsequently requested that to facilitate his appeal of the order denying his WIS. STAT. § 974.06 motion, the circuit court waive the $291 in fees associated with preparing transcripts of the Hearings based on his indigence.

---

[2] When Boruch filed his reply in the circuit court, he requested leave to file an amended WIS. STAT. § 974.06 motion. The court granted his request, and various documents in the appellate record indicate that Boruch did file an amended motion adding additional claims to the eighteen claims detailed above. However, the amended motion itself does not appear in the appellate record.

In his reply brief to this court, Boruch states that he "believes that the Amended 974.06 Motion is not necessary to resolve this appeal," but asks that we "permit [him] to supplement the Record with the missing motion" if we need to review its contents. It was Boruch's responsibility to ensure that his amended WIS. STAT. § 974.06 motion appeared in the appellate record if he wished for us to consider it. *See Fiumefreddo v. McLean*, 174 Wis. 2d 10, 26, 496 N.W.2d 226 (Ct. App. 1993). We previously granted Boruch leave to supplement the record in this case, but we decline to do so again after briefing. Consequently, we will not further address Boruch's amended motion in this opinion.

The court denied Boruch's request. Boruch then renewed his request, via a written correspondence, in this court. We denied that request, informing Boruch that if he wished to have us review the circuit court's denial of his fee waiver request, he needed to appeal the court's decision on that issue.

¶15 Boruch then appealed the circuit court's decision denying his transcript fee waiver request, and he moved this court for a summary reversal of that decision. Noting that the State failed to respond to Boruch's motion, we summarily reversed the court's decision because it did "not appear the circuit court made the findings required under *Girouard*." Per *Girouard*, we instructed the circuit court to determine on remand whether Boruch was indigent and whether his action had "arguable merit."[3]

¶16 Following a hearing, the circuit court again denied Boruch's fee waiver request. Boruch now appeals.

## DISCUSSION

¶17 As an initial matter, we note that the parties agree there is apparent confusion regarding what standard of law a court must apply when analyzing an indigent person's request for a fee waiver under WIS. STAT. § 814.29. As the State aptly notes in its response brief, "*Girouard* appears to be the controlling case setting forth the [proper] standard," even though "the language of the statute has changed since" the *Girouard* court issued its decision.

---

[3] We observe that it is undisputed on appeal that Boruch is indigent.

¶18 To explain, when the *Girouard* court issued its decision, WIS. STAT. § 814.29 provided that an indigent person qualified for the waiver of fees if the "person believe[d] that he or she [was] entitled to the redress that he or she [sought] in the ... appeal." Section 814.29(1) (1989-90); *Girouard*, 155 Wis. 2d at 152-53. Given this language, our supreme court variously described the relevant inquiry as being whether the indigent person "has arguable reason to believe he [or she] is entitled to redress" or whether "the person … present[s] a claim upon which relief could be granted" or whether the person "has an arguably meritorious claim." *Girouard*, 155 Wis. 2d at 151, 159.

¶19 Following the *Girouard* decision, our supreme court amended WIS. STAT. § 814.29(1) "by Wisconsin Supreme Court Order No. 93–15 (Oct. 27, 1993)." *State ex rel. Hansen v. Circuit Court for Dane Cty.*, 181 Wis. 2d 993, 998, 513 N.W.2d 139 (Ct. App. 1994). The amended version of the statute now provides that a court may deny an indigent person's fee waiver request if the proposed action "states no claim, defense or appeal upon which the court may grant relief." Section 814.29(1)(c). Based on this amended language of § 814.29(1)(c), we have held that "the fee waiver statute's standard for deciding whether a proposed action states a claim is the same standard that is applied when considering a motion to dismiss in an ordinary civil case for '[f]ailure to state a claim upon which relief can be granted.'" *State ex rel. Luedtke v. Bertrand*, 220 Wis. 2d 574, 578, 583 N.W.2d 858 (Ct. App. 1998), *aff'd by an equally divided court*, 226 Wis. 2d 271, 594 N.W.2d 370 (1999), *superseded by statute on other grounds*.

¶20 Despite our holding in *Luedtke*, we have continued, at times, (including in our summary reversal in this very case) to refer to the proper standard for determining whether an indigent person is entitled to a fee waiver

under WIS. STAT. § 814.29 as whether he or she has an "arguably meritorious" claim. *See, e.g.*, **Small v. Krupp**, No. 2013AP7, unpublished slip op. ¶8 (WI App July 30, 2014); **State v. Reimer**, No. 2010AP2031, unpublished slip op. ¶4 (WI App June 7, 2011). We now clarify that the proper test, based upon the current language of § 814.29(1)(c), is as set forth in **Luedtke**—that is, whether an indigent person's proposed action states a claim upon which relief can be granted.[4] *Luedtke*, 220 Wis. 2d at 578.

¶21    A proposed action fails to state a claim upon which relief may be granted when it is legally insufficient. *See **Data Key Partners v. Permira Advisers LLC***, 2014 WI 86, ¶19, 356 Wis. 2d 665, 849 N.W.2d 693. A claim is legally insufficient "only if it is quite clear that under no condition can a plaintiff recover." **Luedtke**, 220 Wis. 2d at 578. Stated differently, a proposed action fails to state a claim upon which relief may be granted only if the facts set forth in the action fail to reveal an apparent right to recovery under any legal theory. *See **Strid v. Converse***, 111 Wis. 2d 418, 423, 331 N.W.2d 350 (1983).

¶22    To that end, we accept all facts set forth in Boruch's WIS. STAT. § 974.06 motion as true for purposes of our review. *See **Data Key Partners***, 356 Wis. 2d 665, ¶18. We do not, however, accept as true Boruch's legal conclusions. Those issues, as well as the ultimate conclusion as to whether a proposed action states a claim upon which relief may be granted, are questions of law for our independent review. *Id.*, ¶¶17-18.

---

[4] We observe that Boruch's brief-in-chief discusses several different standards that he believes could apply "for the purposes of appeal in a *Girouard* context," but he ultimately "asks that this Court FIND/CONCLUDE" that the same standard advanced by the State is the correct standard. Specifically, Boruch argues that the proper standard is whether "the law recognize[s] the claim being advanced as something upon which relief could be granted."

9

¶23 Applying the above principles to this case, we conclude Boruch's WIS. STAT. § 974.06 motion failed to state a claim upon which relief could be granted. This conclusion follows because, absent "a sufficient reason, a defendant may not bring a claim in a § 974.06 motion if that claim 'could have been raised in a previously filed sec. 974.02 motion and/or on direct appeal.'" *State v. Romero-Georgana*, 2014 WI 83, ¶5, 360 Wis. 2d 522, 849 N.W.2d 668 (citing *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 173, 517 N.W.2d 157 (1994)). This procedural bar exists "because the purpose of § 974.06 is to consolidate all claims of error into one motion or appeal." *State v. Balliette*, 2011 WI 79, ¶36, 336 Wis. 2d 358, 805 N.W.2d 334.

¶24 The State concedes that in Boruch's original WIS. STAT. § 974.06 motion he correctly identified a potentially sufficient reason for failing to have brought his new claims on direct appeal—i.e., the ineffective assistance of his postconviction or appellate counsel.[5] *See Balliette*, 336 Wis. 2d 358, ¶37. The State also correctly observes that merely alleging postconviction or appellate counsel was ineffective is not enough to clear § 974.06's procedural bar. Rather, a defendant must "make the case" of counsel's allegedly ineffective assistance. *Balliette*, 336 Wis. 2d 358, ¶67. And, he or she must do so within the four corners of the postconviction motion. *State v. Allen*, 2004 WI 106, ¶27, 274 Wis. 2d 568, 682 N.W.2d 433.

---

[5] As indicated, in his reply brief in the circuit court, Boruch asserted two additional "sufficient reasons" for failing to raise his WIS. STAT. § 974.06 claims on direct appeal: governmental interference and a discovery violation. Boruch fails, however, to develop any argument concerning these two purported "sufficient reasons" on appeal, and we therefore deem them abandoned. *See A.O. Smith Corp. v. Allstate Ins. Cos.*, 222 Wis. 2d 475, 491, 588 N.W.2d 285 (Ct. App. 1998).

¶25    Importantly, one of the requirements for "making the case" that postconviction or appellate counsel provided ineffective assistance is showing that the claims in a WIS. STAT. § 974.06 motion are "clearly stronger" than those previously brought on direct appeal.  *See* ***Romero-Georgana***, 360 Wis. 2d 522, ¶58.  The purpose of the clearly stronger standard is to allow a court to compare a defendant's new claims to those previously brought, because if the new claims are not clearly stronger than the ones previously raised, postconviction or appellate counsel could not have performed deficiently by failing to bring the new claims. ***Id.***, ¶¶45-46.

¶26    Here, Boruch's WIS. STAT. § 974.06 motion failed to satisfy the "clearly stronger" standard and it therefore failed to state a claim upon which relief could be granted.  Although Boruch's § 974.06 motion made a cursory assertion that he would argue how his new claims are "clearly stronger," he never actually compared his new claims to the merits of the claim that his appellate counsel raised on direct appeal.  Instead, Boruch merely explained why he believed each of his new claims had merit.  He then made the conclusory assertion that because we allegedly "labeled the issue raised by [a]ppellate [c]ounsel [in ***Boruch I***] 'unreasonable in the extreme,'" his new claims were clearly stronger.

¶27    We conclude Boruch's WIS. STAT. § 974.06 motion failed to establish a sufficient reason for his failing to have brought his newly raised claims on direct appeal for four reasons.  First, his conclusory assertions of ineffective assistance are insufficient to satisfy the clearly stronger standard. ***Romero-Georgana***, 360 Wis. 2d 522, ¶62.

¶28    Second, in our disposition of Boruch's direct appeal, we did not "label the issue" that his appellate counsel raised as being "unreasonable in the

extreme." Instead, we commented that even if we agreed with the merit of appellate counsel's argument (i.e., that the circuit court erred by sending a copy of the autopsy report to the jury without also sending the defense expert's report), the State had persuaded us that it "would be unreasonable in the extreme" to conclude that the error prejudiced Boruch, given the "overwhelming evidence of guilt." ***Boruch I***, No. 2013AP925, ¶22.

¶29 In other words, our "unreasonable in the extreme" statement merely reflected our determination that the alleged error identified by Boruch's appellate counsel was harmless. And the State, not Boruch's appellate counsel, bore the burden to raise and prove the issue of whether any claimed error was harmless. *See* ***State v. Hunt***, 2014 WI 102, ¶26, 360 Wis. 2d 576, 851 N.W.2d 434. As such, our statement had no bearing on the actual performance of Boruch's counsel in raising the alleged issue of error that she did.

¶30 Third, in his WIS. STAT. § 974.06 motion, Boruch explicitly "re-allege[d] and re-assert[ed] the arguments of [a]ppellate [c]ounsel" as part of his claim that the circuit court's response to the jury's request to view the autopsy report constituted a "faulty jury instruction." Relying on the arguments of appellate counsel to support a contention that appellate counsel performed ineffectively by failing to bring an argument is self-defeating. *See* ***Romero-Georgana***, 360 Wis. 2d 522, ¶43.

¶31 Finally, Boruch's motion failed to allege any facts regarding why his appellate counsel chose to pursue the claim she did on appeal as opposed to other claims. "The mere fact that [appellate counsel] did not pursue a … claim does not demonstrate ineffectiveness because she [or he] could have had, *and presumably*

*did have*, good reasons for not pursuing" claims not raised. *Id.*, ¶62 (emphasis added).

¶32 Boruch replies that although he "disagrees with the State's characterization of [his WIS. STAT. §] 974.06 motion … a full assessment of [that motion] is not necessary in order to resolve this appeal." He reasons that it is "putting the cart before the horse" to determine whether his § 974.06 motion is legally insufficient "without the benefit of the [Hearings] transcripts." But, as set forth above, a defendant must "make the case" within the four corners of a § 974.06 motion itself in order to clear § 974.06's procedural bar. *Allen*, 274 Wis. 2d 568, ¶27. Consequently, the transcripts of the Hearings are not necessary—or even potentially informative—for our determination of whether Boruch's § 974.06 motion itself is legally sufficient on its face.

¶33 Finally, Boruch argues that because the State concedes that the circuit court applied the wrong legal standard to his transcript fee waiver request, the court's order denying his request "cannot be upheld." As referenced above, we may affirm a circuit court's order on different grounds than those relied upon by the circuit court. *Smiter*, 331 Wis. 2d 431, ¶9. For the reasons explained above, we do so here.

*By the Court.*—Order affirmed.

Not recommended for publication in the official reports.