**COURT OF APPEALS
DECISION
DATED AND FILED**

**May 12, 2026**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal Nos. **2024AP2055**
**2024AP2056**
STATE OF WISCONSIN

Cir. Ct. Nos. **2024TR8353**
**2024TR8354**

**IN COURT OF APPEALS
DISTRICT I**

VILLAGE OF HALES CORNERS,

PLAINTIFF-RESPONDENT,

V.

AMAN D. SINGH,

DEFENDANT-APPELLANT.

APPEALS from an order of the circuit court for Milwaukee County: LENA C. TAYLOR, Judge. *Reversed and cause remanded with directions*.

¶1 GEENEN, J.[1] Aman D. Singh, pro se, appeals from the circuit court's order in two consolidated cases denying his motion to waive transcript fees

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(c) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version.

under WIS. STAT. § 814.29(1)(c).  We conclude that Singh met the requirements for a transcript fee waiver.  Accordingly, we reverse and instruct the circuit court on remand to grant Singh's transcript fee waiver motion.

## BACKGROUND[2]

¶2  These appeals stem from two separate municipal forfeiture cases against Singh that resulted in default judgments being entered against him.  Singh moved the municipal courts to reopen those default judgments, but the motions were denied.  Pursuant to WIS. STAT. § 800.14(5), Singh appealed the municipal court orders denying his motions to reopen the default judgments (the "Municipal Appeals").  The Municipal Appeals were consolidated and docketed in the circuit court on April 5, 2024, and that same day, notices for a May 3, 2024 hearing were issued.  Singh did not appear at the hearing.  The circuit court noted Singh's failure to attend the hearing and dismissed the Municipal Appeals, ordering that the default judgments underlying the Municipal Appeals stand (the "Circuit Court Dismissal").

¶3  Singh filed motions under WIS. STAT. § 806.07(1)(a) and (h) asking the circuit court to reconsider the Circuit Court Dismissal.  In support of his motion for reconsideration, Singh alleged that he did not receive notice of the May 3, 2024 hearing and that he had no notice that the Municipal Appeals could be dismissed for failure to appear.  The circuit court held a hearing on Singh's reconsideration motion on August 2, 2024, and in a written order signed on

---

[2] In their briefs on appeal, the parties do not identify sufficient facts for this court to consider the appeal.  We were therefore required to turn to the record to understand this dispute.  In doing so, however, we do not state any facts beyond those necessary to understand the case, and we resolve no factual disputes.

August 13, 2024, it denied the motion for reconsideration for the "reasons stated on the record" (the "Circuit Court Reconsideration Decision").

¶4     Singh appealed the Circuit Court Reconsideration Decision. With the notice of appeal, Singh filed a motion for transcript fee waiver, including for the August 2, 2024 reconsideration motion hearing. In the fee waiver motion, Singh alleged that he needed the transcripts because the circuit court denied the motions to reconsider and reopen the cases for the "reasons stated on the record," and a transcript "is the only way to enter the court's rationale into the record."

¶5     After finding Singh indigent, the circuit court denied his transcript fee waiver motion. In denying the motions, it noted that when a party fails to appear at a hearing, the court has the authority to grant or not grant whatever relief the appearing party requests. It also reiterated that it did not find Singh's claim that he did not receive notice of the hearing credible because court records showed that appropriate notices were sent, and Singh offered no evidence to support his claim.

¶6     Singh appeals the court's order denying the transcript fee waiver (the "Transcript Appeals").[3]

## DISCUSSION

¶7     In his Transcript Appeals, Singh asserts that his reconsideration motion alleged sufficient facts that, if true, entitle him to relief on appeal. We agree.

---

[3] The reconsideration appeals are on hold pending the resolution of these consolidated Transcript Appeals.

¶8    Under WIS. STAT. § 814.29(1)(c), a court may deny an indigent person's transcript fee waiver request if the court concludes that the indigent person's proposed action states no claim upon which relief could be granted. *Id.*; *see also State ex rel. Luedtke v. Bertrand*, 220 Wis. 2d 574, 578, 583 N.W.2d 858 (Ct. App. 1998). A proposed action fails to state a claim upon which relief may be granted only if the facts set forth in the action fail to reveal an apparent right to recovery under any legal theory. *Luedtke*, 220 Wis. 2d at 578. "The fee waiver statute's standard for deciding whether a proposed action states a claim is the same standard that is applied when considering a motion to dismiss in an ordinary civil case for failure to state a claim upon which relief can be granted." *Id.* (citation modified).

¶9    Here, the "proposed action" is Singh's motion for reconsideration of the Circuit Court Dismissal. Accordingly, we accept all facts set forth in Singh's reconsideration motion as true, but legal conclusions are not accepted, and whether a claim for relief exists is a question of law that we review independently. *Id.* at 579; *see also Data Key Partners v. Permira Advisers LLC*, 2014 WI 86, ¶¶18-19, 356 Wis. 2d 665, 849 N.W.2d 693.

¶10    In this case, Singh's reconsideration motion meets the very low bar of stating a claim upon which relief may be granted. In his motion, Singh alleges that he did not receive notice of the May 3, 2024 hearing, and consequently, he was not warned that failure to appear at the hearing could result in the dismissal of the Municipal Appeals. He claims that although he receives mail for other pending and prior cases, "mail for [the Municipal Appeals] are [sic] not being delivered." Due process requires "'at least a fair and adequate warning by court rule or notice of the imposition of the sanctions or penalties to be invoked for the failure to comply with a court order.'" *Neylan v. Vorwald*, 124 Wis. 2d 85, 94,

4

368 N.W.2d 648 (1985) (quoting *Latham v. Casey & King Corp.*, 23 Wis. 2d 311, 316, 127 N.W.2d 225 (1964)).  Moreover, although we "should be skeptical of glib claims that attribute fault to the United States Postal Service," our supreme court has stated that an allegation that something was "lost in the mail" is a legally cognizable basis for pleading "excusable neglect" under WIS. STAT. § 806.07(1)(a).  *Casper v. American Int'l S. Ins. Co.*, 2011 WI 81, ¶47, 336 Wis. 2d 267, 800 N.W.2d 880.

¶11 Here, the circuit court denied Singh's transcript fee waiver motion primarily because it did not find credible Singh's allegation that he did not receive notice of the May 3, 2024 hearing.  Although the circuit court was entitled to make the credibility determination it made in the underlying case, the standard at this stage does not permit the circuit court to make or apply this credibility determination in resolving Singh's entitlement to a transcript fee waiver.  Rather, the circuit court (and we) are required to accept as true all well-pleaded factual allegations in Singh's motion for reconsideration.  Singh's allegation that he did not receive notice of the May 3, 2024 hearing is a fact we must accept as true for purposes of Singh's motion for a transcript fee waiver, and the law recognizes Singh's allegations as stating a viable claim under WIS. STAT. § 806.07(1)(a).  *See Casper*, 336 Wis. 2d 267, ¶47.

¶12 We express no opinion on the merits of Singh's reconsideration appeals.  However, for purposes of these Transcript Appeals, we are required to take Singh's factual allegations as true, and taken as true, Singh states a claim

upon which relief could be granted.[4]  Accordingly, we reverse the circuit court's order denying Singh's motion for transcript fee waiver, and we instruct the court to grant the motion on remand.[5]

> *By the Court.*—Order reversed and cause remanded with directions.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[4] To be clear, we are guided by WIS. STAT. § 814.29(1)(c), which does not require that the indigent appellant demonstrate that his claim has arguable merit and, instead, imposes a lower bar requiring only that the allegations, if proven true, state a claim for which relief can be granted.

[5] Because we conclude that Singh met his burden under WIS. STAT. § 814.29(1)(c), we do not address Singh's argument challenging the constitutionality of the statute.  *See **State v. Blalock***, 150 Wis. 2d 688, 703, 442 N.W.2d 514 (Ct. App. 1989) ("[C]ases should be decided on the narrowest possible ground[.]").