STATE of Wisconsin EX REL. James J. KAUFMAN,
Petitioner-Appellant,

v.

Thomas E. KARLEN, Respondent-Respondent.

Court of Appeals

*No. 04–0394. Submitted on briefs June 4, 2004.—Decided
December 2, 2004.*

2005 WI App 14

(Also reported in 691 N.W.2d 879.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *James J. Kaufman*.

On behalf of the respondent-respondent, the cause was submitted on the brief of *Karla Z. Keckhaver*, assistant attorney general, and *Peggy A. Lautenschlager*, attorney general.

Before Deininger, P.J., Dykman and Higginbotham, JJ.

¶ 1. HIGGINBOTHAM, J. James J. Kaufman is an inmate confined at Jackson Correctional Institution. He was found guilty on three conduct reports. After exhausting his administrative remedies, Kaufman filed a petition for a writ of certiorari in circuit court. The circuit court dismissed his petition on the merits based solely on the petition and attached documents. Kaufman appeals that order. Because we conclude the circuit court erred in dismissing Kaufman's petition for a writ of certiorari on the merits without reviewing the administrative record and considering briefs, we reverse the order of the circuit court and remand for further proceedings consistent with this opinion.

## FACTS

¶ 2. On November 12, 2003, Kaufman filed a petition for a writ of certiorari seeking review of prison disciplinary actions for conduct reports #1084165, #1390053 and #1353418. Kaufman attached to his petition documents relevant to each disciplinary action, including the conduct report, disciplinary decision and appeal to the warden. The circuit court did not issue a signed writ of certiorari for service on Karlen. Consequently, the prison records custodian never filed a certified return.

¶ 3. On January 12, 2004, the circuit court, *sua sponte,* dismissed Kaufman's petition, concluding that based upon its review of the petition and documents submitted, the disciplinary decisions for all three conduct reports were reasonable. Kaufman filed a motion for reconsideration, challenging the circuit court's authority to dismiss a certiorari action without signing and issuing a writ ordering a return of the record and disputing the circuit court's conclusion that the disciplinary decisions were reasonable. The circuit court denied the motion, reiterating the dismissal was based upon the court's review of the petition and attached exhibits. Kaufman appeals.

## DISCUSSION

¶ 4. In this appeal Kaufman advances several arguments, most of which go to the merits of the disciplinary committee's decisions as reviewed by the circuit court. Kaufman also argues, however, that the circuit court erred by refusing or failing to issue a signed writ of certiorari that would have required the prison records custodian to file a certified return of the

record developed through the course of the disciplinary committee proceedings and the administrative appeals. Because we conclude the circuit court erred by refusing to issue a writ of certiorari and by *sua sponte* dismissing Kaufman's petition on its merits without consideration of the full record and briefs from the parties, we will not address Kaufman's substantive arguments.

¶ 5. A circuit court may dismiss a prisoner's petition for a writ of certiorari without requiring a responsive pleading from the respondent on four grounds:

> The court may dismiss the action or special proceeding . . . without requiring the defendant to answer the pleading if the court determines that the action or special proceeding meets any of the following conditions:
>
> 1. Is frivolous, as determined under s. 814.025(3).
>
> 2. Is used for any improper purpose, such as to harass, to cause unnecessary delay or to needlessly increase the cost of litigation.
>
> 3. Seeks monetary damages from a defendant who is immune from such relief.
>
> 4. Fails to state a claim upon which relief may be granted.

WIS. STAT. § 802.05(3)(b) (2001–02).[1]

¶ 6. The State argues the circuit court properly dismissed Kaufman's petition because the petition failed to state a claim upon which relief may be granted. The State is correct that a circuit court has the authority to dismiss a petition for a writ of certiorari on that

---

[1] All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

basis. *See* WIS. STAT. § 802.05(3)(b)4. However, the circuit court did not dismiss Kaufman's petition on that basis; rather the court dismissed the petition on its merits after considering Kaufman's petition and the documents attached thereto. The court specifically stated it was deciding the case based on the record before it and that the record supported the disciplinary committee's decisions:

> Therefore, based on a review of the record submitted to the court, and the decisions previously cited, it is the Order of this court that the writ of certiorari previously issued in this matter be quashed, and that this action be dismissed.[2]

██

¶ 7. The right to be heard is a fundamental requisite of due process of law. *State ex rel. Sahagian v. Young*, 141 Wis. 2d 495, 500, 415 N.W.2d 568 (Ct. App. 1987). Kaufman complains he was denied his right to be heard by the circuit court's failure to sign the writ of certiorari for service on Karlen, which would have required the prison records custodian to file a certified copy of the return of the administrative proceedings. The essence of Kaufman's complaint is that the circuit court erred by deciding the case on its merits based solely on Kaufman's petition and the attached documents, not on the record. We agree.

¶ 8. The circuit court stated it "was able to review all of the conduct reports, and the decisions by the disciplinary committee for each disciplinary action taken against the petitioner." The circuit court also reasoned that

---

[2] The circuit court stated that the writ of certiorari was issued in this matter. The record shows that Kaufman filed a petition for a writ of certiorari but the court did not issue a signed writ of certiorari for service on Karlen.

█

> The petitioner was not prejudiced by the court reviewing these documents in any way because they were merely copies of the materials that the respondent would have filed as part of its return. The court does believe that [if] there is any additional evidence in the record that the respondent could send in its return that would be helpful to the petitioner's case.

█

¶ 9. Whether the court had before it all the documents that would have been contained in the return is unknowable. This uncertainty is eliminated when the return is filed. Once a court chooses to consider a prisoner's petition on the merits, due process requires the court to base its decision on a complete record of the proceedings below and on briefs submitted by the parties.[3] Here, the court chose to decide the case on its merits based solely on Kaufman's petition and attachments. However, "[t]he petition for the writ is not . . . the full development of the petitioner's position." *Id.* at 501. "If an inmate petitioner is limited to his or her petition for certiorari, the inmate has not been given an opportunity to be heard at a meaningful time in a meaningful manner." *Id.* We conclude Kaufman's right to be heard in this case was limited by the court's decision to decide the case without the record and by the court's failure to afford Kaufman the opportunity to argue his objections to the disciplinary committee's decisions. Because the circuit court denied Kaufman's

---

[3] We do not suggest that a circuit court may not dismiss a certiorari petition without ordering a return if the petition fails to state a claim, such as where the petition fails to allege or attach documents showing that the petitioner exhausted his or her administrative remedies or when a petition shows on its face that it is untimely or for the other reasons as stated in Wis. Stat. § 802.05(3)(b). *See generally State ex rel. Schatz v. McCaughtry*, 2003 WI 80, 263 Wis. 2d 83, 664 N.W.2d 596.

right to be heard in accord with the dictates of due process, we reverse and remand to the circuit court to afford Kaufman that opportunity.

*By the Court.*—Order reversed and cause remanded with directions.