COURT OF APPEALS
DECISION
DATED AND FILED

March 10, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2018AP2064**

STATE OF WISCONSIN

Cir. Ct. No. 2018CV868

IN COURT OF APPEALS
DISTRICT III

STATE OF WISCONSIN EX REL. PATRICK H. SCHOBER,

PETITIONER-APPELLANT,

V.

BRIAN HAYES, ADMINISTRATOR, WISCONSIN DEPARTMENT OF
ADMINISTRATION DIVISION OF HEARINGS AND APPEALS,

RESPONDENT-RESPONDENT.

APPEAL from orders of the circuit court for Outagamie County: JOHN A. DES JARDINS, Judge. *Affirmed in part; reversed in part and cause remanded with directions*.

Before Stark, P.J., Hruz and Seidl, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Patrick Schober's extended supervision was revoked following a hearing before an administrative law judge (ALJ), and he was ordered reconfined. On appeal from the ALJ's revocation and reconfinement determinations, the administrator of the Wisconsin Department of Administration Division of Hearings and Appeals (DHA) concluded revocation was supported by the record and then ordered the amount of reconfinement time increased to the maximum allowed.

¶2 Schober filed a petition for a writ of certiorari in the circuit court. The court dismissed his petition on the merits without issuing the writ or otherwise ordering a return of the record, and it also denied Schober's motion for reconsideration. The administrator acknowledges the circuit court's dismissal of the petition on the merits without issuing the writ or ordering a return of the record was an apparent violation of *State ex rel. Kaufman v. Karlen*, 2005 WI App 14, 278 Wis. 2d 332, 691 N.W.2d 879 (2004). The administrator nonetheless argues that the orders should be affirmed because Schober's petition failed to state a claim upon which relief could be granted.

¶3 We conclude Schober's petition stated two claims that, if proven, would entitle Schober to certiorari relief. First, Schober alleged that the DHA administrator improperly discounted the availability and feasibility of his proposed alternative to revocation by failing to consider his posttraumatic stress disorder (PTSD) diagnosis. Second, he alleged the administrator unlawfully retaliated against him for appealing the ALJ's determination. We reverse the dismissal of his petition in part and remand with directions for the circuit court to issue the writ

of certiorari and set a briefing schedule and deadlines for the production of the record on the two viable issues. The orders are affirmed in all other respects.[1]

## BACKGROUND[2]

¶4    Schober was convicted in 2013 of operating a motor vehicle while intoxicated as a tenth or subsequent offense. In 2014, he was sentenced to four years and six months of initial confinement, followed by four years and six months of extended supervision. Schober was released to extended supervision on March 7, 2016.

¶5    Schober was notified in December 2017 that revocation proceedings were being initiated based upon several alleged violations of his community supervision conditions, including his consuming cocaine, marijuana and alcohol, operating a motor vehicle while under the influence of alcohol, and driving without a license. A revocation hearing was held before an ALJ in June 2018.

¶6    Schober admitted the allegations in the notice of revocation. Schober, through his attorney, proposed a formal alternative to revocation—namely, inpatient treatment at the Wisconsin Resource Center (WRC) to address

---

[1] Because we conclude the circuit court erred in dismissing Schober's petition on the merits without ordering a return of the record, we necessarily conclude the court also erred in denying his subsequent motion for reconsideration. We reverse the order on reconsideration to the extent necessary for the circuit court to address the potentially viable certiorari claims recognized herein.

[2] The facts in this section are largely drawn from Schober's petition. Given our standard of review (which we set forth more fully below), we accept as true the factual allegations in the petition. *See Data Key Partners v. Permira Advisers LLC*, 2014 WI 86, ¶18, 356 Wis. 2d 665, 849 N.W.2d 693.

his substance abuse issues and his chronic PTSD.[3] The ALJ issued a written decision revoking Schober's extended supervision and ordering him reconfined for a period of three years, eleven months, and eight days. The ALJ acknowledged that Schober was a military veteran who was receiving Social Security benefits as a result of physical injuries and his PTSD diagnosis, and it found that he could benefit from programming to address those issues. The ALJ determined, however, that revocation was appropriate to ensure that Schober was compliant with treatment programming in a confined setting and because not revoking his extended supervision would unduly depreciate the seriousness of the violations and not sufficiently protect the public.

¶7 Schober appealed the ALJ's determinations to Brian Hayes, the DHA administrator, pursuant to WIS. ADMIN. CODE § HA 2.05(8).[4] The administrator sustained the ALJ's determination that Schober's extended supervision should be revoked, but he modified the term of reconfinement to the maximum term of six years, six months and twenty-five days. The administrator's stated reasons for the modification were because Schober, when not confined, had previously failed to appear for substance abuse treatment appointments and continued to consume controlled substances and drive while under the influence, and overall he "does not present himself as a man trying to stay sober." The administrator stated Schober was a danger to the public for as long as he remained

---

[3] Consistent with WIS. ADMIN. CODE § HA 2.05(6)(h) (Mar. 2017), Schober's counsel provided timely notice that Schober would be seeking an alternative to revocation.

All references to the Wisconsin Administrative Code are to the March 2017 version unless otherwise noted.

[4] We will hereinafter refer to Hayes' decision as "the administrator's decision" and the earlier decision as "the ALJ's decision."

in the community. The administrator did not explicitly address Schober's PTSD diagnosis or his request for placement at the WRC as an alternative to revocation.

¶8 Schober filed a petition for a writ of certiorari, requesting that the circuit court review the ALJ's and the administrator's decisions. Schober asserted the decisions were arbitrary and capricious or otherwise unlawful on the following grounds: (1) the ALJ and the administrator failed to "properly account for the mitigating effect" of his chronic PTSD (for which his substance abuse is a secondary symptom) and overlooked the importance of immediate treatment for his PTSD, thereby "discount[ing]" his proposed alternative to revocation; (2) Schober's probation agent had originally recommended one year of reconfinement time and was overruled without explanation by an official in the Division of Community Corrections, who recommended the amount of reconfinement time ultimately imposed by the ALJ; and (3) the administrator's decision to modify the amount of reconfinement time "without explanation and without consideration of any mitigating factors was vindictive" and taken in retaliation for Schober's exercise of his appeal rights from the ALJ's decision.

¶9 The circuit court declined to issue the writ of certiorari, thereby denying Schober's petition without ordering a return of the record. In a two-sentence order, the court stated: "THIS COURT FINDS the decision of Administrator Hayes was well reasoned and supported by the record. There are no grounds for this Court to review that decision." Schober filed a motion for reconsideration and a request for judicial substitution, both of which were denied. In denying Schober's motion for reconsideration, the court stated it was not required to order the return of the administrative record before denying Schober's petition, and it stated the administrator's decision was "well-reasoned and

supported by the exhibits Schober submitted with his Petition." Schober now appeals the orders.

## DISCUSSION

¶10    This case is, in large part, controlled by *Kaufman*. There, we held that "[o]nce a court chooses to consider a prisoner's petition on the merits, due process requires the court to base its decision on a complete record of the proceedings below and on briefs submitted by the parties." *Kaufman*, 278 Wis. 2d 332, ¶9. In other words, a petitioner (like Schober in this case) is deprived of due process when a court denies a petition for a writ of certiorari on the merits without ordering a return of the record and without providing the petitioner an opportunity for argument. *Id.* This is so, at least in part, because "[w]hether the court had before it all the documents that would have been contained in the return is unknowable." *Id.*

¶11    Although the administrator suggests there was some ambiguity in the circuit court's orders regarding the basis for its decision, the administrator concedes that we might fairly infer that the denial of the petition was based on the merits of Schober's claims. This concession is well founded, as the court's initial order specifically stated the administrator's decision was "well reasoned and supported by the record"—even though the court had declined to issue the writ of certiorari and order the return of the record.[5] The administrator acknowledges this procedure runs afoul of *Kaufman*, but he contends that the dismissal was

---

[5] It is unclear whether the circuit court, in referring to "the record," believed the materials attached to Schober's certiorari petition included the entirety of the administrative record. Regardless, the circuit court would have run afoul of *State ex rel. Kaufman v. Karlen*, 2005 WI App 14, 278 Wis. 2d 332, 691 N.W.2d 879 (2004).

nonetheless appropriate because, unlike in *Kaufman*, it is evident from the face of Schober's petition that there is no legal basis upon which to order relief.

¶12    Under WIS. STAT. § 802.05(4)(b)4. (2017-18), a circuit court may dismiss a prisoner's petition for a writ of certiorari without requiring the respondent to answer if the court determines that the petition fails to state a claim upon which relief can be granted. "The standard for deciding whether a certiorari petition is sufficient to order a return is the same standard used to decide whether a complaint states a claim." *State ex rel. Schatz v. McCaughtry*, 2003 WI 80, ¶33, 263 Wis. 2d 83, 664 N.W.2d 596. The circuit court must "construe the petition liberally and consider dismissal only if it is quite clear that no relief can be had under any legal theory." *Id.* Whether a petition sufficiently states a claim upon which relief can be granted is a question of law. *See Data Key Partners v. Permira Advisers LLC*, 2014 WI 86, ¶17, 356 Wis. 2d 665, 849 N.W.2d 693.

¶13    Judicial review on certiorari is limited to whether the agency's decision was within its jurisdiction, whether the agency acted according to law, whether its decision was arbitrary or oppressive, and whether the decision was supported by substantial evidence. *State ex rel. Ortega v. McCaughtry*, 221 Wis. 2d 376, 385-86, 585 N.W.2d 640 (Ct. App. 1998). Thus, to state a claim upon which relief could be granted, Schober's petition must have adequately alleged a claim that, if proven, would warrant relief on one or more of these bases. We conclude Schober's petition adequately stated two such claims.

¶14    First, liberally construed, the petition alleges that the administrator failed to consider the mitigating effect of Schober's PTSD diagnosis and therefore irrationally discounted the possibility of the proposed alternative to revocation, which would have required Schober to be placed at the WRC for approximately

six months to complete the Dual Diagnosis AODA Program.[6]  Schober attached to his petition medical records and government documents that had been introduced at the revocation hearing before the ALJ.   These documents substantiated Schober's assertion that he suffers from chronic PTSD as a result of his military service, which has exacerbated his substance abuse problems.  He also contends that other portions of the administrative record are relevant for consideration of this claim.

¶15    The administrator's order acknowledged, but summarily rejected, Schober's proposed alternative to revocation without mentioning either the nature of the proposed alternative or the basis for Schober's proposal—namely, his PTSD diagnosis.  Instead, the administrator merely stated that the record supported the ALJ's decision.   The DHA administrator exercises his or her discretion when determining whether revocation is warranted.  *See State ex rel. Warren v. Schwarz*, 211 Wis. 2d 710, 726, 566 N.W.2d 173 (Ct. App. 1997), *aff'd*, 219 Wis. 2d 615, 579 N.W.2d 698 (1998).   The proper exercise of that discretion requires the DHA to consider the feasibility of a proposed alternative to revocation:

> [T]he Department must exercise its discretion by at least considering whether alternatives are available and feasible. The Department should not be able to circumvent its duty to consider measures short of revocation by merely setting forth the reasons favoring revocation.

---

[6] Schober also challenged the ALJ's decision on this ground.  The ALJ's decision is not the decision reviewed on certiorari.   The administrator's decision on revocation and reconfinement following an appeal becomes the final decision of the DHA.  *See* WIS. ADMIN. CODE § HA 2.05(8), (9).  Also for this reason, Schober's claim that the ALJ's decision was arbitrary and capricious was properly dismissed at the pleading stage.

***Van Ermen v. DHSS***, 84 Wis. 2d 57, 67, 267 N.W.2d 17 (1978) (*quoted with approval in **Warren***, 211 Wis. 2d at 725-26); *see also* WIS. ADMIN. CODE § HA 2.05(6)(h). The administrator's assertion—i.e., that Schober's claim fails as a matter of law because numerous factors favor revocation—eviscerates this protection. A revocation order is not adequate merely because there is a sufficient basis for revocation if the administrator has not considered the inmate's assertion of a specific alternative to revocation based on particular reasons.[7]

¶16 The administrator's alleged failure to sufficiently consider a proposed alternative to revocation—i.e., his merely acknowledging the general existence of a proposed alternative without specifically addressing its availability and feasibility—implicates the third and fourth criteria for certiorari review. *See **Warren***, 211 Wis. 2d at 724. Schober's petition therefore adequately stated a claim reviewable by certiorari—specifically, that the administrator failed to consider the availability and feasibility of Schober's specific proposed alternative to revocation, including by never acknowledging the PTSD diagnosis that formed the basis for that request. If Schober were to prove that the administrator in fact did not consider that information when he evaluated the required revocation factors, Schober may be entitled to relief. Whatever the ultimate merit of Schober's claim in this regard, the circuit court erred by rejecting that claim on the merits without affording Schober the due process required under ***Kaufman***.

---

[7] The administrator does not make any argument that Schober's claim in this regard should be dismissed because the administrator's written decision acknowledged, without further elaboration, that Schober had requested an alternative to revocation. In any event, the case law dictates that "consideration" encompasses more than mere acknowledgment that the request had been made. *See **Van Ermen v. DHSS***, 84 Wis. 2d 57, 67, 267 N.W.2d 17 (1978).

¶17    We also conclude Schober has adequately stated a claim for retaliation by the administrator for Schober exercising his right to appeal the ALJ's decision.[8]    Relevant to this claim, it is undisputed that the administrator modified the ALJ's reconfinement determination and imposed the maximum allowable amount of reconfinement time.    Schober's petition alleges that the administrator had a retaliatory motive for doing so.    As set forth below, if that retaliatory motive were proven to exist, Schober may be entitled to certiorari relief.

¶18    The criteria that may be considered in determining a period of reconfinement are set forth in WIS. ADMIN. CODE § HA 2.05(6)(f)1.-4., and they include the nature and severity of the original offense, the offender's behavior subsequent to the conviction, and other typical sentencing factors.    Retaliation against a person for exercising his or her lawful appeal rights is an improper consideration.    "To punish a person because he has done what the law plainly allows him to do is a due process violation 'of the most basic sort.'"    *United States v. Goodwin*, 457 U.S. 368, 372 (1982) (*quoting* *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978)); *see also* *State v. Church*, 2003 WI 74, ¶¶28-55, 262 Wis. 2d 678, 665 N.W.2d 141.    A claim that a sentencing authority had a retaliatory motive for imposing a sentence, if proven, would render the sentence contrary to law and

---

[8] Schober also contends that the administrator's decision increasing the amount of reconfinement time to the maximum was arbitrary and capricious because the administrator cited only the same reasons as the ALJ in ordering approximately four years' reconfinement.  We agree with the administrator that any such claim is not cognizable under the circumstances here.  As the administrator notes, Schober cites no authority for the proposition that the DHA administrator is required to explain his or her refusal to adopt a sentencing recommendation or his or her decision to depart from an earlier administrative determination.  However, by refusing to offer any explanation for an increase in the amount of reconfinement time ordered, the administrator risks a subsequent certiorari claim for retaliation.

therefore actionable under the second certiorari prong. Accordingly, Schober's petition sufficiently states a retaliation claim.

¶19 In sum, we conclude Schober's petition adequately states two claims. The first is that the administrator erred by failing to consider the availability and feasibility of Schober's proposed alternative to revocation. The second is that the administrator unlawfully retaliated against Schober for exercising his right to appeal the ALJ's decision. Both of these claims are reviewable by certiorari and, if proven, would entitle Schober to relief. Again, our decision is indifferent to the merit of either claim. We reverse in part the order dismissing Schober's petition and remand with directions for the circuit court to issue the writ of certiorari, order the return of the record, and set a briefing schedule on the two viable issues. The orders are affirmed in all other respects.

*By the Court.*—Orders affirmed in part; reversed in part and cause remanded with directions.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2017-18).