COURT OF APPEALS
DECISION
DATED AND FILED

April 26, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2021AP837**

STATE OF WISCONSIN

Cir. Ct. No.  2018CV868

IN COURT OF APPEALS
DISTRICT III

STATE OF WISCONSIN EX REL. PATRICK H. SCHOBER,

    PETITIONER-APPELLANT,

  V.

BRIAN HAYES, ADMINISTRATOR, WISCONSIN DEPARTMENT OF
ADMINISTRATION DIVISION OF HEARINGS AND APPEALS,

    RESPONDENT-RESPONDENT.

APPEAL from an order of the circuit court for Outagamie County: EMILY I. LONERGAN, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM. Patrick Schober's extended supervision was revoked following a hearing before an administrative law judge (ALJ), and the ALJ ordered him to be reconfined.  Schober appealed the ALJ's decision to Brian Hayes, the administrator of the Wisconsin Department of Administration Division of Hearings and Appeals.[1]  The Administrator affirmed the ALJ's decision to revoke Schober's extended supervision, but he modified the ALJ's decision to increase the amount of reconfinement time to the maximum allowed by law.  Schober filed a petition for a writ of certiorari in the circuit court.  The court ultimately affirmed the Administrator's decision.

¶2     Schober now appeals, arguing that:  (1) the Administrator's decision was arbitrary and capricious, and contrary to law, because the Administrator failed to consider the appropriateness of Schober's proposed alternative to revocation; and (2) the Administrator unlawfully increased the amount of time that Schober would be reconfined in retaliation for Schober exercising his legal right to appeal the ALJ's decision.  We reject these arguments and affirm.

## BACKGROUND

¶3     In November 2013, Schober was convicted of operating a motor vehicle while intoxicated (OWI), as a tenth or subsequent offense.  He was sentenced to four years and six months' initial confinement, followed by four years and six months' extended supervision.

¶4     Schober was released to extended supervision on March 7, 2016.  At the time of his release, the time remaining on his original sentence was six years,

---

[1]  Throughout the remainder of this opinion, we refer to Hayes as "the Administrator."

six months, and twenty-five days. Among other things, Schober's rules of supervision required him to "[a]void all conduct" that violated any law or was "not in the best interest of the public welfare or [Schober's] rehabilitation"; to "maintain sobriety[,] which includes not entering an establishment whose primary purpose is the sale of alcohol"; to "not operate a motor vehicle without a valid driver's license"; and to "[c]omply with any court[-]ordered conditions." Schober's court-ordered conditions required him to "complete AODA assessment and comply with any treatment recommended."

¶5     In December 2017, Schober's agent sought revocation of his extended supervision. According to the revocation summary, following his release to extended supervision, Schober completed an AODA assessment, but he subsequently consumed alcohol and was placed on Soberlink alcohol monitoring. Thereafter, Schober again violated his rules of supervision by consuming alcohol and operating a motor vehicle without a valid license. He then completed an inpatient treatment program at the VA Clinic in Milwaukee as an alternative to revocation. Schober was given the opportunity to attend mental health programming during his inpatient treatment, but he declined to do so.[2]

---

[2] On appeal, Schober asserts in his brief-in-chief that he was not offered any mental health programming during his inpatient treatment. He cites his own testimony that the programming offered to him was actually a "general program … for people that are homeless or AODA patients." Schober's agent testified, however, that Schober "was offered specifically a PTSD [posttraumatic stress disorder] six-week treatment program which he decided not to attend at that time."

(continued)

¶6    The revocation summary further states that in August 2017, Schober was apprehended for violating his rules of supervision by consuming alcohol and being in a vehicle with individuals who possessed drug paraphernalia. Schober completed an AODA assessment that recommended intensive outpatient services. Schober began that program but subsequently missed at least one group meeting. On September 12, 2017, Schober was arrested on suspicion of disorderly conduct—domestic abuse, and he admitted to consuming alcohol.

¶7    On September 21, 2017, Schober's Soberlink alcohol monitor reported a positive test. On October 9, 2017, Schober's agent received a report claiming that Schober had been using cocaine, drinking, and engaging in violent conduct. Schober was taken into custody the next day and tested positive for THC. He was subsequently released from custody.

¶8    As particularly relevant to this appeal, on December 14, 2017, police stopped a vehicle that Schober was driving because it did not have its headlights or taillights activated. The officer observed indicia of intoxication, and Schober admitted to consuming three beers. Based on field sobriety tests, the officer determined that Schober was not fit to drive. A preliminary breath test showed that Schober's blood alcohol concentration was 0.078, which was above the

---

The ALJ credited the agent's testimony, expressly finding that Schober had "declined to participate in mental health programming through the VA." As the Administrator correctly notes, that finding is conclusive because it is the function of the ALJ, not this court, to weigh the evidence and assess the witnesses' credibility. *See State ex rel. Washington v. Schwarz*, 2000 WI App 235, ¶35, 239 Wis. 2d 443, 620 N.W.2d 414. Moreover, Schober has failed to file a reply brief, and he therefore has not responded to the Administrator's argument regarding the ALJ's finding. *See Charolais Breeding Ranches, Ltd. v. FPC Sec. Corp.*, 90 Wis. 2d 97, 109, 279 N.W.2d 493 (Ct. App. 1979) (unrefuted arguments may be deemed conceded).

0.02 limit applicable to Schober because of his prior OWI convictions. *See* Wis. Stat. § 340.01(46m)(c) (2019-20).

¶9      Schober was then arrested for twelfth-offense OWI. The following day, Schober tested positive for both cocaine and THC. Schober subsequently admitted that he did not have a valid driver's license; that he had been driving two to three times per month without a valid license; that he had consumed three beers at bars on the night of his arrest; and that he had smoked marijuana and snorted cocaine the prior weekend.

¶10     Based on these events, Schober's agent sought revocation of his extended supervision, asserting he had violated his rules of supervision by: possessing and consuming cocaine; possessing and consuming marijuana; possessing and consuming alcohol; possessing drug paraphernalia; operating a motor vehicle without a valid license; operating a motor vehicle while under the influence of alcohol; and entering an establishment whose primary purpose was the consumption of alcohol. Schober's agent recommended that he be reconfined for three years, eleven months, and eight days.

¶11     During a hearing before an ALJ, Schober stipulated that he had committed each of the seven rule violations alleged in the revocation summary. The ALJ therefore addressed two issues: whether Schober's extended supervision should be revoked and, if so, the appropriate period of reconfinement. Applying the factors set forth in *State ex rel. Plotkin v. DHSS*, 63 Wis. 2d 535, 544, 217

N.W.2d 641 (1974),[3] the ALJ determined that: (1) confinement was necessary to protect the public because Schober's various drug, alcohol, and driving offenses demonstrated that he posed a danger to the public; (2) treatment could be best provided in a confined setting "to ensure that Mr. Schober remains sober and available for and compliant with treatment"; and (3) not revoking Schober's extended supervision would unduly depreciate the seriousness of his violations.

¶12     The ALJ acknowledged that Schober had requested "placement at the Wisconsin Resource Center, which provides mental health and AODA treatment, as an Alternative to Revocation."  The ALJ also acknowledged Schober's testimony "that he is a Veteran and receives Social Security Disability for PTSD and physical health issues" and that he had "successfully completed in-patient programming at the VA while in the community."  Nevertheless, the ALJ determined there were "no appropriate Alternatives to Revocation due to the nature and severity of the proven violations and Mr. Schober's continued conduct of operating a motor vehicle while under the influence of alcohol."  The ALJ explained, "This conduct is extremely serious and places the community at an increased risk of property damage, bodily injury, and even death."

¶13     The ALJ then addressed the appropriate period of reconfinement. After considering the criteria set forth in WIS. ADMIN. CODE § HA 2.05(7)(f) (Mar. 2017),[4] the ALJ adopted Schober's agent's recommendation that he be

---

[3] Under *State ex rel. Plotkin v. DHSS*, 63 Wis. 2d 535, 544, 217 N.W.2d 641 (1974), an offender's extended supervision may be revoked if the administrative decision-maker determines that: (1) confinement is necessary to protect the public from further criminal activity by the offender; (2) the offender is in need of correctional treatment that can most effectively be provided if the offender is confined; or (3) it would unduly depreciate the seriousness of the violation if the offender's extended supervision were not revoked.

[4] All references to WIS. ADMIN. CODE § HA 2.05 are to the March 2017 register.

reconfined for three years, eleven months, and eight days. The ALJ explained that although she "empathize[d]" with Schober's mental and physical health diagnoses and commended him for his military service, "this does not excuse Mr. Schober from complying with the Department [of Corrections (DOC)] or his rules of community supervision." The ALJ further stated that the period of reconfinement recommended by Schober's agent was "the minimum amount of time necessary to provide Mr. Schober with additional treatment and sobriety in a confined setting, to protect the community, and to prevent undue depreciation of the seriousness of the proven violations."

¶14    Schober appealed the ALJ's decision to the Administrator. In his written decision, the Administrator noted that although Schober had admitted the seven rule violations alleged by his agent, Schober nevertheless asserted "that revocation was not warranted and reconfinement as ordered was excessive." The Administrator rejected those arguments, determining that the record supported the ALJ's decision to revoke Schober's extended supervision. He explained:

> Schober was convicted of Operating a Motor Vehicle While Intoxicated—10th or Subsequent Offense. The crime demonstrates that he is an ongoing danger to the health and safety of the public. During his supervision he has rejected substance abuse programming by repeatedly failing to show up for treatment sessions. Additionally, he has continued to drive under the influence, which demonstrates that the threat of revocation and confinement are of no concern to him. Moreover, he has also engaged in the illegal possession and consumption of controlled substances. Through his actions, Schober has declared that he will continue to consume alcohol, consume illegal drugs, and endanger the public by driving while under the influence. He does not present himself as a man trying to stay sober. Thus, the public is in danger as long as he remains in the community.

(Citations omitted.) Given these facts, the Administrator determined that "[n]othing short of revocation and confinement for the maximum term available is appropriate." The Administrator therefore sustained the ALJ's decision in part, but modified the decision in part to impose the maximum period of reconfinement allowed by law—six years, six months, and twenty-five days.

¶15 Schober sought certiorari review before the circuit court. The court initially dismissed Schober's petition on the merits without issuing a writ of certiorari or otherwise ordering a return of the record. Schober appealed, and the Administrator conceded that the court's dismissal of Schober's petition on the merits, without issuing a writ of certiorari or ordering a return of the record, was an "apparent violation of *State ex rel. Kaufman v. Karlen*, 2005 WI App 14, 278 Wis. 2d 332, 691 N.W.2d 879 (2004)." *See **State ex rel. Schober v. Hayes***, No. 2018AP2064, unpublished slip op. ¶2 (WI App Mar. 10, 2020) (***Schober I***). The Administrator argued, however, that the dismissal was nevertheless proper because Schober's petition failed to state a claim upon which relief could be granted. *Id.*

¶16 We rejected the Administrator's argument, concluding the petition stated two claims that, if true, would entitle Schober to relief: (1) that the Administrator "improperly discounted the availability and feasibility of his proposed alternative to revocation by failing to consider his [PTSD] diagnosis"; and (2) that the Administrator unlawfully retaliated against Schober for appealing the ALJ's decision. *Id.*, ¶3. We therefore remanded the matter to the circuit court for further proceedings on those two claims. *Id.*

¶17 On remand, the circuit court ultimately issued an order affirming the Administrator's decision. Schober now appeals.

**DISCUSSION**

¶18    "Judicial review on certiorari is limited to whether the agency's decision was within its jurisdiction, the agency acted according to law, its decision was arbitrary or oppressive and the evidence of record substantiates the decision." *State ex rel. Ortega v. McCaughtry*, 221 Wis. 2d 376, 385, 585 N.W.2d 640 (Ct. App. 1998).  The scope of our review on certiorari is identical to that of the circuit court, and we decide the merits of the matter independently of the circuit court's decision.  *Id.*

## I.  Failure to consider Schober's proposed alternative to revocation

¶19    Schober first argues that the Administrator's decision was arbitrary and capricious, and contrary to law, because the Administrator failed to consider the appropriateness of Schober's proposed alternative to revocation—i.e., placement at the Wisconsin Resource Center.  On appeal, Schober bears the burden of proving that the Administrator's decision was arbitrary and capricious. *See Von Arx v. Schwarz*, 185 Wis. 2d 645, 655, 517 N.W.2d 540 (Ct. App. 1994).  An administrative decision is not arbitrary and capricious if it represents a proper exercise of discretion.  *Id.* at 656.  "A proper exercise of discretion contemplates a reasoning process based on the facts of record 'and a conclusion based on a logical rationale founded upon proper legal standards.'"  *Id.* (citation omitted).

¶20    Schober contends the Administrator's decision to revoke his extended supervision was arbitrary and capricious because "at every stage of decision-making in this matter," Schober's "mental health treatment needs were at best acknowledged but then ignored."  More specifically, Schober asserts that while the ALJ acknowledged his proposed alternative to revocation, the ALJ then ignored that alternative, "focusing instead on the facts which supported revocation

exclusively in delineating the reasons that revocation was required." Schober further asserts that the Administrator's decision "failed to even so much as mention Schober's PTSD diagnosis as well as his proposed" alternative to revocation, instead focusing exclusively on the factors supporting revocation. Schober therefore contends that the analyses performed by the ALJ and the Administrator were contrary to *Van Ermen v. DHSS*, 84 Wis. 2d 57, 67, 267 N.W.2d 17 (1978), in which our supreme court stated: "[T]he Department must exercise its discretion by at least considering whether alternatives [to revocation] are available and feasible. The Department should not be able to circumvent its duty to consider measures short of revocation by merely setting forth the reasons favoring revocation."

¶21    In response, the Administrator contends that "Schober's argument about alternatives was not properly preserved for judicial review because he did not raise it during his administrative appeal." "In order to preserve an issue for judicial review, a party must raise it before an administrative agency, and ordinarily a reviewing court will not address an issue not properly presented to the administrative agency." *Citizens For U, Inc. v. DNR*, 2010 WI App 21, ¶31, 323 Wis. 2d 767, 780 N.W.2d 194. As the Administrator notes, during Schober's administrative appeal of the ALJ's decision, Schober argued that revocation of his extended supervision was not warranted under the factors set forth in *Plotkin*. He asserted that, upon his release from custody, he would voluntarily enter the Wisconsin Resource Center Treatment Program; however, he did not allege that the ALJ had failed to consider that alternative.

¶22    Given the arguments that Schober raised during his administrative appeal of the ALJ's decision, the Administrator contends the circuit court correctly observed that there was no reason for the Administrator to revisit in detail whether

the ALJ had properly considered Schober's proposed alternative to revocation. Stated differently, the Administrator claims that because Schober did not argue in the administrative appeal that the ALJ had failed to properly consider his proposed alternative to revocation, the Administrator was not required to address that issue in detail beyond concluding, as a general matter, that the record supported the ALJ's decision to revoke Schober's extended supervision. Schober did not file a reply brief in this appeal, and he has therefore failed to respond to the Administrator's argument that he did not properly preserve for appeal his argument regarding alternatives to revocation. Accordingly, we deem the point conceded. *See Charolais Breeding Ranches, Ltd. v. FPC Sec. Corp.*, 90 Wis. 2d 97, 109, 279 N.W.2d 493 (Ct. App. 1979).

¶23 In any event, even considered on the merits, we reject Schober's argument that the Administrator's decision was arbitrary and capricious, or contrary to law, due to the Administrator's alleged failure to consider Schober's proposed alternative to revocation. Relying on *Van Ermen*, Schober contends that the Administrator was required to explicitly address Schober's proposed alternative and could not merely set forth the factors favoring revocation. In *Van Ermen*, however, our supreme court affirmed the Department of Health and Social Services' order revoking an offender's parole, even though it was "apparent" that the Department "did not exercise its discretion concerning alternatives to revocation in any formal manner." *Van Ermen*, 84 Wis. 2d at 67. The court explained that, under those circumstances, a court may "examine the record ab initio" to determine whether it supports the Department's determination. *Id.* Based on the record, the court then determined that the Department "could have concluded" that "revocation and incarceration were necessary to protect the public from a recurrence of [the offender's] antisocial conduct." *Id.* at 67-68.

11

¶24    In this case, an independent review of the record supports the Administrator's decision to revoke Schober's extended supervision, rather than adopting Schober's proposed alternative to revocation. During the administrative hearing, the ALJ asked Schober's agent why she had recommended revocation, rather than an alternative. The agent testified that in making that decision, she considered "the overall best interest of the community as a whole," given that Schober had continued his criminal behavior of operating under the influence, which put both the community and Schober in danger. The agent then noted that Schober had been given an opportunity to participate in mental health treatment as part of his inpatient AODA programming, but he declined to do so. The agent further explained that Schober's new charge of twelfth-offense OWI was "significant" because it showed Schober "continuing this pattern of behavior over the timeframe in which he's gotten previous OWIs." The agent also noted that Schober had operated his vehicle without a valid license. For all of these reasons, the agent believed that revocation was necessary to avoid putting the community at risk. The agent also stated that ordering inpatient treatment, rather than revocation, would "depreciate the seriousness of this violation given that it's not his first or second or third OWI offense."

¶25    The ALJ then noted that the Wisconsin Resource Center is "specifically designed or specifically would provide programming for mental health and other related treatment needs." The ALJ therefore asked the agent to explain why the DOC "feels that that is not an appropriate placement for Mr. Schober." In response, the agent acknowledged that Schober had a need for mental health treatment. However, she explained that the DOC did not feel it was "appropriate" to pursue placement at the Wisconsin Resource Center because Schober had already completed inpatient AODA programming and "he still

12

continued the pattern of behavior of consuming alcohol. [He had] to be on monitoring and continued the behavior[,] and it also intensified at the end of last year when other substances and other criminal behavior came into the picture."

¶26 The ALJ then asked whether the DOC had considered imposing sanctions in lieu of revocation, and the agent answered, "We did, yes, but felt it wasn't appropriate given the continued behavior." In the revocation summary, which was considered by the ALJ during the hearing, the agent similarly stated that she had considered various alternatives to revocation but determined they were not appropriate based on the seriousness of Schober's violations, his continued pattern of behavior, and the risk he posed to the public.

¶27 On this record, the Administrator could reasonably conclude, after applying the *Plotkin* factors, that revocation of Schober's extended supervision was warranted and that Schober's proposed alternative to revocation was not appropriate. Moreover, while the Administrator did not expressly address Schober's proposed alternative to revocation in his decision, he did state that the record supported the ALJ's decision. *See supra* ¶14. As summarized above, the ALJ expressly considered Schober's proposed alternative to revocation but concluded instead that revocation was warranted. *See supra* ¶¶11-12. Contrary to Schober's apparent belief, neither the ALJ nor the Administrator was required to determine that Schober's mental health treatment needs outweighed other factors supporting revocation—such as Schober's pattern of driving while under the influence, despite previous treatment and regardless of the risk posed to the public. Under these circumstances, Schober has failed to show that the Administrator acted arbitrarily and capriciously by revoking his extended supervision rather than

adopting his proposed alternative to revocation, nor has he shown that the Administrator's decision was contrary to law.[5]

## II. Retaliation

¶28 Schober also argues that by modifying the ALJ's decision to impose the maximum period of reconfinement, the Administrator unlawfully retaliated against him for exercising his right to appeal the ALJ's decision. He therefore asserts that the Administrator violated his right to due process. *See **Bordenkircher v. Hayes***, 434 U.S. 357, 363 (1978) (stating that a due process violation occurs when an agent of the state punishes an individual for exercising his or her legal rights).

¶29 Schober argues that, in this case, no "intervening or additional facts" were presented to the Administrator to justify an increase in Schober's reconfinement time, and the Administrator provided "no explanation" for the increase. Under these circumstances, Schober urges us to apply a "presumption of vindictiveness" and presume that the Administrator's decision to increase his reconfinement time was made in retaliation for Schober's exercise of his right to appeal the ALJ's decision. Schober further suggests that the Administrator cannot overcome this presumption because there is "no other explanation, either given by the Administrator or apparent on the record, as to why the ALJ's original order for

---

[5] Schober suggests that this court already determined in *State ex rel. Schober v. Hayes*, No. 2018AP2064, unpublished slip op. (WI App Mar. 10, 2020) (*Schober I*), that the Administrator's decision failed to adequately address his proposed alternative to revocation. Schober is mistaken. In *Schober I*, we merely determined that the circuit court's erroneous dismissal of Schober's petition for certiorari review could not be justified on the alternative ground that the petition failed to state a claim upon which relief could be granted. *Schober I*, No. 2018AP2064, ¶¶2-3. We did not make any determination as to whether the claims alleged in Schober's petition had merit.

reconfinement time was insufficient outside of an urge to punish Schober for exercising his right to appeal."

¶30 The legal authorities that Schober cites do not support the application of a presumption of vindictiveness in this case. Schober relies on *State v. Church*, 2003 WI 74, 262 Wis. 2d 678, 665 N.W.2d 141, and *North Carolina v. Pearce*, 395 U.S. 711 (1969), *overruled by **Alabama v. Smith***, 490 U.S. 794 (1989). However, both of those cases applied a presumption of vindictiveness in circumstances where a judge imposed a more severe sentence on remand after a defendant successfully appealed his or her original conviction. *See **Church***, 262 Wis. 2d 678, ¶¶1-4; ***Pearce***, 395 U.S. at 725-26. As the ***Church*** court explained, the concern in those circumstances is that a defendant's appeal "pose[s] a direct challenge to a decision of the circuit court," and, on remand, the court is then required to "do[] over what it thought it had already done correctly." ***Church***, 262 Wis. 2d 678, ¶54 (citation omitted). The ***Church*** court concluded that "these circumstances" inherently gave rise to a "reasonable likelihood of vindictiveness." *Id.* (citation omitted).

¶31 Unlike ***Church*** and ***Pearce***, this case does not involve a single decision-maker being forced to "do[] over what it thought it had already done correctly" after its original decision was reversed by an appellate tribunal. *See **Church***, 262 Wis. 2d 678, ¶54 (citation omitted). Instead, this case involves a two-tiered system of administrative review, in which an ALJ makes an initial determination as to whether an offender's extended supervision should be revoked and, if so, what the reconfinement period should be. The offender then has the right to appeal the ALJ's decision to the Administrator. *See* WIS. ADMIN. CODE § HA 2.05(7)-(9). As the Administrator correctly notes, in ***Colten v. Kentucky***, 407 U.S. 104, 116-17 (1972), the United States Supreme Court refused to apply

15

*Pearce*'s presumption of vindictiveness in a case involving a two-tiered decision-making system, even where the second tier "impose[d] a punishment more severe" than the first tier. We therefore reject Schober's assertion that a presumption of vindictiveness should apply in this case.[6]

¶32 Having rejected Schober's argument that a presumption of vindictiveness applies, we conclude the Administrator's decision to impose the maximum amount of reconfinement time was a reasonable exercise of discretion, and there is no evidence that the Administrator acted in retaliation for Schober exercising his right to appeal the ALJ's decision. When determining the appropriate amount of reconfinement time, an ALJ must consider the following factors: (1) the nature and severity of the original offense; (2) the offender's institutional conduct record; (3) the offender's conduct and behavior while on community supervision; and (4) the amount of reconfinement that is necessary to protect the public from the risk of further criminal activity, to prevent the undue depreciation of the seriousness of the violation, or to provide confined correctional treatment. WIS. ADMIN. CODE § HA 2.05(7)(f). After considering these factors, the ALJ concluded that Schober should be reconfined for three years, eleven months, and eight days.

---

[6] Schober's reliance on *Blackledge v. Perry*, 417 U.S. 21 (1974), to support his argument that a presumption of vindictiveness applies here is similarly misplaced. In *Blackledge*, a defendant was convicted of misdemeanor assault following a bench trial. *Id.* at 22. After the defendant filed a notice indicating that he was exercising his statutory right to a jury trial on the same charge in a higher court, the prosecutor obtained an indictment charging the defendant with a more serious offense based on the same course of conduct. *Id.* at 22-23. The Supreme Court concluded that a presumption of vindictiveness applied in those circumstances. *Id.* at 27-28. However, unlike the prosecutor in *Blackledge*, the Administrator does not bring or amend charges against an offender. Instead, the Administrator functions as an appellate decision-maker reviewing a decision made by the ALJ. Thus, the concerns that prompted the Court to apply a presumption of vindictiveness in *Blackledge* are not present in this case.

¶33     On review, the Administrator exercised his authority to modify the ALJ's decision regarding the period of reconfinement.  *See* WIS. ADMIN. CODE § HA 2.05(9)(a) (permitting the Administrator to "modify, sustain, reverse, or remand" the ALJ's decision).  In support of his decision to increase the period of reconfinement, the Administrator noted that Schober had already been convicted of OWI ten times, which showed that he posed an "ongoing danger to the health and safety of the public."  The Administrator also noted that Schober had failed to attend some of his treatment sessions and had continued to drive while under the influence, which showed that "the threat[s] of revocation and confinement [were] of no concern" to Schober.  The Administrator also noted that Schober had possessed and consumed illegal drugs.  On these facts, the Administrator stated that Schober "does not present himself as a man trying to stay sober" and that the public "is in danger as long as he remains in the community."

¶34     Under these circumstances, the Administrator reasonably determined that "[n]othing short of revocation and confinement for the maximum term available is appropriate."  The Administrator properly applied the law to the facts of record, and the record supports the Administrator's decision to impose the maximum period of reconfinement.  Contrary to Schober's assertion, there is no evidence in the record to support a conclusion that the Administrator acted in retaliation for Schober exercising his right to appeal.[7]  We therefore reject

---

[7] Schober again cites our decision in *Schober I* in support of his claim that the Administrator retaliated against him for exercising his right to appeal the ALJ's decision.  As explained above, however, *Schober I* merely determined that Schober's petition for certiorari review stated two claims upon which relief could potentially be granted.  *Schober I*, No. 2018AP2064, ¶3.  We did not make any determination in *Schober I* as to whether either of those claims actually had merit.

Schober's assertion that the Administrator's decision violated his right to due process.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2019-20).